## The ESTATE OF Virgie HASTINGS *v*. PLANTERS AND STOCKMEN BANK

88-97                                        757 S.W.2d 546

Supreme Court of Arkansas
Opinion delivered October 3, 1988
[Rehearing denied October 31, 1988.]

*Stripling & Morgan*, by: *Dan Stripling*, for appellant.

*Murrey L. Grider*, for appellee.

TOM GLAZE, Justice. Appellee, Planters and Stockmen Bank, obtained a summary judgment based upon a number of promissory notes, all of which were executed by Richard and Laveda Hastings, and at least two or three of which were signed either by Dorothy Hastings or Virgie Hastings, the appellant. Appellant had assigned, as security for most or all of the aforementioned indebtedness, all of her interest in a note in the amount of $256,000.00 due her from Louis Ahrent. After the Hastingses defaulted on their notes, appellee filed this suit, seeking judgment against Richard, Laveda and Dorothy Hastings in the sum of $117,555.20, judgment against Richard and Laveda Hastings in the amount of $208,088.13 and judgment against Richard, Laveda and appellant in the amount of $142,626.29. Appellant, by her guardian, answered denying she owed any indebtedness to appellee and claiming her signatures on the note(s) and on the assignment of the Ahrent note given appellee were secured by fraud and undue influence at a time when she lacked the mental capacity to transact business.

The appellee moved for summary judgment and the trial court, after considering affidavits and requests for admissions, which drew no response, granted appellee's motion and awarded judgments against Richard, Laveda and Dorothy Hastings.[1] As to appellant, the court's judgment merely provided that, after crediting the amount of the Ahrent note against appellant's indebtedness, appellant was no longer indebted to the appellee.

Approximately sixteen months later, appellant, by her guardian and new counsel, amended her counterclaim and initiated discovery in order to defend against appellee's complaint

---

[1] No requests for admissions were proposed to the appellant.

against her. Appellee objected to appellant's actions as being untimely and argued the trial court's earlier summary judgment had disposed of all issues raised in the litigation. Appellant responded that the court's judgment was not final, in that it did not dispose of the issues raised between the appellant and appellee or conclude their litigation. The trial court rejected the appellant's arguments, and entered an order denying appellant's request for discovery. Appellant then brought this appeal, and the sole issue here is whether the trial court's summary judgment was a final order that concluded the litigation between the appellant and appellee.

In support of her contention that the lower court's summary judgment was not final, appellant argues that no judgment amount was ever obtained against her and that her allegations of fraud and mental incompetency were never addressed. Instead, the appellee obtained a summary judgment that awarded judgments against the other parties, but as to appellant merely provided that the appellant, after crediting her indebtedness to appellee by the amount of the Ahrent note, was not indebted to appellee.

Appellee argues that the summary judgment was sufficiently final as to the appellant since it ordered that "all of the security interests set forth in [its] complaint" is vested in the appellee. Appellee argues further that the appellant never responded to its motion for summary judgment and made no appearance on the motion, and that she should therefore be precluded from questioning the summary judgment sixteen months after it was entered.[2] Because we conclude the summary judgment was not a final order, we find appellee's argument unpersuasive.

In most cases, the question of what constitutes a final order arises in the context of Ark. R. App. P. 2, which usually involves the issue concerning whether an order is appealable. To be final and appealable, we have said that a trial court's order, decree or judgment must dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy. *Mueller* v. *Killam*, 295 Ark. 270,

---

[2] Appellee pled laches, an equitable argument, but that issue is not reflected in the record as having been presented to the trial court.

748 S.W.2d 141 (1988).

In an earlier case, this court, in discussing the formal requirements of a judgment, had an opportunity to decide the required finality that a judgment must impart to the parties. *See Thomas* v. *McElroy*, 243 Ark. 465, 420 S.W.2d 530 (1967). There, McElroy brought suit against Thomas and another defendant for past due rent. After hearing testimony offered by the parties, the court entered an order labeled "Decree," which reflected the following: (1) a contract relationship existed under which Thomas owed $40.00 per month during the period of December 9, 1963, until July 8, 1965; (2) the contractual relationship terminated "as of this date;" (3) Thomas was permitted to remove certain personal property from the leased property; and (4) Thomas's co-defendant was dismissed from the action. About one year after the court's "Decree," the trial court entered another instrument in the same action captioned "Judgment on Decree," which specifically reduced judgment against Thomas in the amount of $760.00 plus interest and noted that garnishment and execution may issue. On appeal, Thomas contended the earlier "Decree" was a final one and the trial court had no authority to modify it one year later by entering another judgment. This court rejected Thomas's argument, and held that the earlier decree was neither a judgment nor a final order.

In *Thomas*, this court discussed the formal requirements of a judgment, noting that a judgment is the *final* determination of the rights of parties in an action. In citing Arkansas statutory law, the court further said that the amount of the judgment must be computed, as near as may be, in dollars and cents and that the judgment must specify clearly the relief granted or other determination of the action. *Id.* The court also related the rule that a final judgment or decision is one that finally adjudicated the rights of the parties, putting it beyond the power of the court which made it to place the parties in their original positions. It must be such a final determination as may be enforced by execution or in some other appropriate manner. *Id.*

In reviewing the trial court's summary judgment, we find it fails to reflect any judgment against the appellant, nor does it

specify in dollars and cents what she owed the appellee.[3] The judgment certainly makes no mention of the fraud and undue influence issue raised by the appellant and neither do the affidavits, requests for admissions and other documents submitted by the appellee in its motion for summary judgment. In stark contrast to the minimal manner in which the court's summary judgment touches on appellee's rights against the appellant, that same judgment specifies that the appellee possessed unanswered requests for admissions that had been addressed to Richard, Laveda and Dorothy Hastings and it further sets out the exact amounts owed by those defendants and reduced those amounts to judgments. The summary judgment also provided that execution may issue upon those judgments.

As we have previously mentioned, the appellee attempted to make its case against the appellant by summary judgment motion, and by doing so, it clearly had the burden to show that there was no issue of fact and that the appellee, as the movant, was entitled to the judgment. *See Hinkle* v. *Perry*, 296 Ark. 114, 752 S.W.2d 267 (1988). From our review of the record, including the documents submitted with appellee's motion for summary judgment, we cannot conclude that appellee made a prima facie showing of entitlement to a judgment. But, just as important, we hold that the summary judgment entered below was clearly deficient as a judgment and final determination of the rights of the appellant and appellee. Furthermore, the judgment did not dismiss or discharge the appellant from the action.

In accordance with this court's views set forth above, we reverse and remand this cause for further proceedings.

---

[3] The appellee's complaint prayed for a judgment against each defendant, including the appellant.