Oliver Eugene KELLY *v.* Gwendolyn L. KELLY

91-233                                          835 S.W.2d 869

Supreme Court of Arkansas
Opinion delivered July 13, 1992
[Rehearing denied September 14, 1992.]

*Joe O'Bryan*, for appellant.

*Hubert W. Alexander*, for appellee.

DONALD L. CORBIN, Justice. Appellant Oliver E. Kelly attempts to bring this appeal from two orders directing him to execute a quitclaim deed to property at Fairfield Bay to appellee Gwendolyn L. Kelly. We do not address the merits of appellant's

arguments because appellant failed to properly perfect his appeal under Ark. R. App. P. 4.

The first order at issue was entered on November 29, 1990. This order found that appellant had failed to execute a deed to property which was previously awarded to appellee. The order directed appellant to execute a quitclaim deed to appellee or appear on a later date to show cause why he should not be held in contempt or why a commissioner's deed should not be entered by the court. On December 27, 1990, appellant filed a motion to set aside the November 29 order. On December 28, 1990, appellant filed a notice of appeal from the November 29 order and "any further order entered on December 28, 1990." Following a hearing on December 28, 1990, the chancellor ordered appellant to execute a quitclaim deed and the chancellor awarded attorney fees to appellee. This order was entered on January 8, 1991. On January 17, 1991, appellant filed a motion to set aside the order entered on January 8. Appellant never filed a subsequent notice of appeal.

The appeal from the November 29, 1990 order is ineffective because that order was not a final, appealable order. Ark. R. App. P. 2. For a judgment to be final, it must dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy. *Jackson* v. *Yowell*, 307 Ark. 222, 818 S.W.2d 950 (1991). To be final, an order must be of such a nature as to not only decide the rights of the parties, but to put the court's directive into execution, ending the litigation or a separable part of it. *Kilgore* v. *Viner*, 293 Ark. 187, 736 S.W.2d 1 (1987). *See also Bonner* v. *Sikes*, 20 Ark. App. 209, 727 S.W.2d 144 (1987).

Obviously, the November 29 order was not a final, appealable order. The order provided for a later hearing at which appellant could appear and show cause why a commissioner's deed should not be entered. This provision prevented the November 29 order from concluding the parties' rights to the property in controversy. In fact, the court held two hearings subsequent to the November 29 order, and the court did not enter its final order until January 8, 1991.

The appeal from the order entered on January 8 is ineffective because appellant's notice of appeal was filed prema-

turely. Ark. R. App. P. 4(a) provides that "a notice of appeal shall be filed within thirty (30) days from the *entry* of the judgment, decree or order[.]" [Emphasis added.] Subsection (e) of Rule 4 provides that "[a] judgment, decree or order is entered within the meaning of this rule when it is filed with the clerk of the court in which the claim was tried." In this case, appellant filed his notice of appeal on December 28, 1990; however, the final order from which appellant appeals was not entered until January 8, 1991. We cannot accept appellant's appeal because our procedural rules, in particular ARCP Rule 58 and the amendments to Ark. R. App. P. 4, clearly indicate that an appeal filed prior to entry of final judgment is ineffective.

ARCP Rule 58 provides in part:

> Every judgment or decree shall be set forth on a separate document. A judgment or decree is effective only when so set forth and entered as provided in Administrative Order No. 2.

Administrative Order No. 2 provides for the act of filing orders and judgments in the docket book. In *Standridge* v. *Standridge*, 298 Ark. 494, 769 S.W.2d 12 (1989), we relied on Rule 58 to hold that a decree that had been announced from the bench did not become effective until the date of filing. "The purpose of Rule 58 was to provide a definite point at which a judgment, be it a decree of divorce or other final judicial act, becomes effective. The rule tells clearly what that point is." *Id.* at 498, 769 S.W.2d at 14. Reporter's Note 4 to Rule 58 explains the rule's significance for appeal purposes:

> This rule provides that a judgment or decree shall not be effective unless and until it is entered pursuant to [Administrative Order No. 2]. Thus for appeal purposes, the date of entry or filing of the judgment or decree is the effective date, as opposed to the date of rendition.

Appellant argues that his appeal is timely because we have previously given force to notices of appeal filed prior to entry of judgment yet subsequent to rendition of judgment. *See Edmonds* v. *State*, 282 Ark. 79, 665 S.W.2d 882 (1984); *Caskey* v. *Pickett*, 272 Ark. 521, 615 S.W.2d 359 (1981); *Wilhelm* v. *McLaughlin*, 228 Ark. 582, 309 S.W.2d 203 (1958). However, appellant's

reliance on the afore-cited cases is misplaced since these cases were decided prior to the 1988 amendments to Ark. R. App. P. 4(c) and (d).

■ Subsections (c) and (d) of Rule 4 govern the timeliness of appeals from judgments challenged by post-trial motions. Subsection (c) now explicitly provides that a notice of appeal is ineffective if it is filed prior to the date of disposition of the post-trial motion, or, if no order is entered, prior to the date that the motion is deemed denied. In order to maintain consistency with 4(c)'s timeliness requirement for an effective appeal, we are compelled to overrule those cases in which we deemed premature appeals to be filed on the date judgment was entered. We also overrule our more recent opinion in *State* v. *Joshua*, 307 Ark. 79, 818 S.W.2d 249 (1991) to the extent that it is inconsistent with this opinion.

Rule 4 now requires strict compliance in order for an appeal to be effective. The purpose of the amendments to Rule 4 was to simplify appellate practice and eliminate confusion as to the time for filing the notice of appeal. Surely, it would defeat the purpose of the amendments to Rule 4 if we were to accept appeals filed prior to entry of final judgment yet dismiss appeals filed prior to disposition of a post-trial motion. As appellant filed his notice of appeal prior to the entry of final judgment, we dismiss the appeal.