Eric Randall NANCE *v.* STATE of Arkansas

CR 94-413                                          891 S.W.2d 26

Supreme Court of Arkansas
Opinion delivered November 21, 1994

*Larry W. Horton*, for appellant.

No response.

PER CURIAM. On March 31, 1994, appellant was convicted of capital murder and sentenced to death. On April 11, 1994, an amended judgment was filed to correct the original judgment, and on this same date, appellant moved for a new trial, a hearing was held, and the trial court denied appellant's motion. No written order denying the motion was entered. Nonetheless, appellant filed his notice of appeal on April 18, 1994. Appellant tendered his transcript with the supreme court clerk on October 6, 1994, but the clerk rejected it. The reason for rejection was that appellant's notice of appeal was invalid since the April 11, 1994 new trial order appealed from was never filed or entered.

The clerk acted in accordance with our rules and case

law. In *Kelly* v. *Kelly*, 310 Ark. 244, 835 S.W.2d 869 (1992), we stated the following:

> "We cannot accept appellant's appeal because our procedural rules, in particular ARCP Rule 58 and the amendments to Ark. R. App. P. 4, clearly indicate that an appeal filed prior to entry of final judgment is ineffective.
>
> ARCP Rule 58 provides in part:
>
>> Every judgment or decree shall be set forth on a separate document. A judgment or decree is effective only when so set forth and entered as provided in Administrative Order No. 2.
>
> Administrative order No. 2 provides for the act of filing orders and judgments in the docket book. In *Standridge* v. *Standridge*, 298 Ark. 494, 769 S.W.2d 12 (1989), we relied on Rule 58 to hold that a decree that had been announced from the bench did not become effective until the date of filing. The purpose of Rule 58 was to provide a definite point at which a judgment, be it a decree of divorce or other final judicial act, becomes effective. The rule tells clearly what that point is. *Id.* at 498, 769 S.W.2d at 14. Reporter's Note 4 to Rule 58 explains the rule's significance for appeal purposes:
>
>> This rule provides that a judgment or decree shall not be effective unless and until it is entered pursuant to [Administrative Order No. 2]. Thus for appeal purposes, the date of entry or filing of the judgment or decree is the effective date, as opposed to the date of rendition."

Under Ark. R. Crim. P. 36.9(a)(2), the time for taking an appeal is within thirty days from the *date of entry* of an order denying a post-trial motion under Ark. R. Crim. P. 36.22. As we first decided in *Standridge* v. *Standridge*, 298 Ark. 494, 769 S.W.2d 12 (1989), and reaffirmed in *Kelly* above, the trial judge's decision from the bench denying appellant's motion does not become effective until the date of filing. In Ark. R. Crim. P. 36.9(b), as amended by per curiam on January 31, 1994, this court provided that a *notice of appeal is invalid if* it is *filed prior to the entry of the* judgment or *order appealed from*. Here, no order

denying appellant's request for new trial was ever filed, so appellant's notice of appeal was invalid. In addition, we note that, under Rule 36.9(a)(3) and (b), appellant's April 11 post-trial motion would otherwise have been deemed denied on May 11, 1994, therefore, his April 18, 1994 notice of appeal would be invalid and ineffective as premature.

Appellant's attorney shall file within thirty days from the date of this per curiam a motion in this case accepting full responsibility for not timely filing the notice of appeal and transcript, and upon filing same, the motion will be granted and a copy of the opinion will be forwarded to the Committee on Professional Conduct.

HAYS and BROWN, JJ., dissent.

ROBERT L. BROWN, Justice, dissenting. I would grant the motion and not send the names of the defense attorneys to the Professional Conduct Committee.

The majority opinion avoids the issue at hand which is the effectiveness of the notice of appeal with respect to the original judgment of conviction. The notice of appeal was filed on April 18, 1994, within 30 days of both the entry of the judgment of conviction for capital murder and the assessment of the death penalty (March 31, 1994) and the entry of the amended judgment (April 11, 1994). That is what our criminal rules contemplate. Ark. R. Crim. P. 36.9(a) reads:

(a) Within thirty (30) days from

(1) the date of entry of a judgment; or

(2) the date of entry of an order denying a post-trial motion under Rule 36.22; or

(3) the date a post-trial motion under Rule 36.22 is deemed denied pursuant to Rule 4(c) of the Rules of Appellate Procedure; or

(4) the date of entry of an order denying a petition for postconviction relief under Rule 37, the person desiring to appeal the judgment or order shall file with the trial court a notice of appeal identifying the parties taking the appeal and the judgment or order appealed.

These timeframes are in the alternative. Thus, to appeal from the original judgment of conviction the notice of appeal must be filed within 30 days. To appeal from a judgment of conviction and denial of post-trial motions, additional timeframes are spelled out in Rule 36.9(a).

The majority focuses on Ark. R. Crim. P. 36.9(b) which reads:

> (b) A notice of appeal is invalid if it is filed prior to the entry of the judgment or order appealed from or if it is filed on or before the date a post-trial motion under Rule 36.22 is deemed denied pursuant to Rule 4(c) of the rules of Appellate Procedure.

I interpret subsection (b) to invalidate a premature notice of appeal taken from a denial of the post-judgment motion, but not to invalidate a notice of appeal timely taken from the judgment of conviction itself. Again, the time limitations in Rule 36.9(a) are in the alternative with respect to appeals from the original judgment of conviction.

At worst, our rules are ambiguous on whether the notice of appeal in this case is effective for an appeal solely from the judgment of conviction. If our rules are ambiguous, we need clarification on this point in both our civil and criminal appellate rules. That ambiguity, however, should not work against practicing attorneys and subject them to scrutiny by the Professional Conduct Committee. Our appellate procedure is fraught now with a Gordian Knot complexity. This same issue has been raised several times in the last few weeks. *See, e.g., Lawrence Bros., Inc. v. R.J. "Bob" Jones Excavating Contractor, Inc.*, 318 Ark. 328, 884 S.W.2d 620 (1994); *Cason* v. *House*, motion for rule on the clerk denied (94-759 Oct. 3, 1994). Our interpretation of our appellate rules should be to facilitate appeals, not to thwart them.

I respectfully dissent.

HAYS, J., joins.