Douglas James CLAYTON *v.* STATE of Arkansas

CR 94-1446                                    900 S.W.2d 537

Supreme Court of Arkansas
Opinion delivered June 26, 1995

*Ralph M. Cloar, Jr.,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Vada Berger,* Asst. Att'y Gen., for appellee.

ROBERT L. BROWN, Justice. This is an appeal by appellant Douglas James Clayton from a judgment of conviction for first degree murder, attempted first degree murder, and aggravated assault. The judgment arose out of a drive-by shooting on July 13, 1992, in which occupants of a car were fired upon while traveling east on Roosevelt Road in Little Rock. One of those occupants, Shiranda Abdullah, died of a gunshot wound.

At the trial of this matter, a prosecution witness, Kenneth

Johnson, who was in the car with Shiranda Abdullah, first positively identified Clayton as the driver of the car but then recanted his testimony identifying Clayton. After all evidence had been presented and during jury deliberations, a juror raised the question by note to the circuit judge about whether he could share something that he had seen with the other jurors. The judge interviewed the juror *in camera*, and the juror stated that he had seen a defense attorney pay money to a man who had brought Kenneth Johnson back to testify a second time at trial. The implication was that Kenneth Johnson may have been paid to change his story. Discussions followed among trial counsel and the judge, but out of the presence of Clayton. Counsel for Clayton moved for a mistrial on grounds that the jury was tainted, but the circuit judge refused to terminate the proceedings. Verdicts of guilty then followed.

The judgment of conviction was entered on June 1, 1994.[1] That same day, a motion for a new trial was filed by Clayton on the basis that several jurors had seen the money change hands and that Clayton's trial was prejudiced as a result. On June 15, 1994, a hearing was conducted on the motion, and jurors were brought in to testify concerning whether the perceived payment by defense counsel affected their deliberations. The circuit judge denied the motion for a new trial but only made a docket entry denying the motion. The record does not disclose that any order was entered to that effect. Clayton filed his notice of appeal on June 22, 1994.

In his brief before this court, Clayton urges that the circuit judge erred in denying his motions for mistrial and his post-judgment motion for a new trial and further erred in excluding his presence during a substantial step in his trial. We dismiss the appeal, however, for failure to comply with Rule 36.9(b) of the Arkansas Rules of Criminal Procedure, which states:

> (b) A notice of appeal is invalid if it is filed prior to the entry of the judgment or order appealed from or if it is filed on or before the date a post-trial motion under Rule 36.22 is deemed denied pursuant to Rule 4(c) of the Rules of Appellate Procedure.

---

[1] The record also reflects that a judgment of conviction was entered on May 23, 1994.

Rule 36.9(b), as amended, was effective January 31, 1994. In the case at bar, the notice of appeal was filed prior to the date that the motion for a new trial was deemed denied, which date would have been July 1, 1994. The premature notice was filed on June 22, 1994, and as a result was void and of no effect.

██ It might be argued that because the notice of appeal was filed within 30 days of the judgment of conviction, it was effective with regard to the judgment though not timely with regard to the denial of the motion for a new trial. We have previously decided this issue and determined that a premature notice of appeal with respect to a post-trial motion is ineffective for all purposes, including an appeal from the original judgment of conviction. *Nance v. State*, 318 Ark. 758, 891 S.W.2d 26 (1994) (per curiam). In *Nance*, the judgment was entered on April 11, 1994, and a motion for a new trial was filed that same date. No order denying the new trial motion was entered. A notice of appeal was filed on April 18, 1994. We stated:

> Under Ark. R. Crim. P. 36.9(a)(2), the time for taking an appeal is within thirty days from the *date of entry* of an order denying a post-trial motion under Ark. R. Crim. P. 36.22. As we first decided in *Standridge v. Standridge*, 298 Ark. 494, 769 S.W.2d 12 (1989), and reaffirmed in *Kelly* above, the trial judge's decision from the bench denying appellant's motion does not become effective until the date of filing. In Ark. R. Crim. P. 36.9(b), as amended by per curiam on January 31, 1994, this court provided that a *notice of appeal is invalid if* it is *filed prior to the entry of the* judgment or *order appealed from*. Here, no order denying appellant's request for new trial was ever filed, so appellant's notice of appeal was invalid. In addition, we note that, under Rule 36.9(a)(3) and (b), appellant's April 11 post-trial motion would otherwise have been deemed denied on May 11, 1994, therefore, his April 18, 1994 notice of appeal would be invalid and ineffective as premature.

318 Ark. at 759-760, 891 S.W.2d at 27.

The holding of *Nance v. State* is *stare decisis* and controls the present case.

Appeal dismissed.