OFFICE of CHILD SUPPORT ENFORCEMENT *v.*
Jimmy Frank OLIVER

96-203                                                              921 S.W.2d 602

Supreme Court of Arkansas
Opinion delivered May 20, 1996

*Greg L. Mitchell,* for appellant.

No response.

ANDREE LAYTON ROAF, Justice. The appellant, Office of Child Support Enforcement ("OCSE") appeals from an order establishing arrearage in child support owed by the appellee, Jimmy Frank Oliver, Jr. ("Oliver"). OCSE asserts that the trial court erred in 1) allowing Oliver to orally raise the affirmative defense of statute

of limitations in the hearing held to establish the arrearage and 2) applying a five-year statute of limitations against its claim for arrearage. As the ruling by the Chancellor does not constitute a final appealable order, we dismiss the appeal.

Oliver and his wife were divorced in 1978. The decree provided that Oliver would pay $28.50 per week in child support. The minor child was 15 months at the time of the divorce. On April 10, 1995, two months before the minor child turned eighteen, OCSE filed a motion for citation, asserting that Oliver owed $7,725.75 in delinquent support accrued since the entry of the divorce decree. Oliver filed no written response, but appeared pro se at a hearing on the motion held on June 7, 1995. In the hearing, Oliver stated that he thought the claim for arrearage was too old and that it was "beyond the legal time to do this." The chancellor subsequently found that he could, on his own motion, raise the statute of limitations and determined that the applicable statute of limitations would bar the arrearage accrued prior to five years before the filing of the motion by OCSE on April 10, 1990. On November 10, 1995, the chancellor entered an Order Establishing Arrearage, in which he found that the amount of child support arrearage was not in controversy, and that five years prior to the filing of the motion for citation was the only period of time for which an arrearage may be assessed against Oliver. The order disposed of all of the additional relief requested by OCSE in its motion, but did not fix the amount of the arrearage. The order provided that OCSE should certify within two weeks the arrearage which accrued between April 10, 1990, and June 7, 1995, the date of the hearing, so that judgment could be entered.

OCSE filed its notice of appeal from this order on November 15, 1995. Neither the abstract, nor the record shows that a judgment has ever been entered establishing the amount of the arrearage. Although a docket entry in the record indicates that at a further hearing conducted on January 1, 1996, OCSE and Oliver agreed on the arrearage due pursuant to the trial court's order, the docket sheet does not show the entry of judgment following this hearing.

We have long held that the record must disclose a final adjudication of the matter in controversy between the parties for this court to have jurisdiction. *State* v. *Morrison*, 318 Ark. 563, 885 S.W.2d 900 (1994). For a judgment to be final and appealable, it must dismiss the parties from the court, discharge them from the

action, or conclude their rights to the subject matter in controversy. *Tucker v. Lake View School District No. 25*, 323 Ark. 693, 917 S.W.2d 530 (1996); *Kelly v. Kelly*, 310 Ark. 244, 835 S.W.2d 869 (1992); *Jackson v. Yowell*, 307 Ark. 222, 818 S.W.2d 950 (1991). To be final, an order must not only decide the rights of the parties, but also put the court's directive into execution, ending the litigation or a separable part of it. *Kilgore v. Viner*, 293 Ark. 187, 736 S.W.2d 1 (1987). *See also Bonner v. Sikes*, 20 Ark. App. 209, 727 S.W.2d 144 (1987).

■ Here, the order establishing arrearage did not finally resolve the amount of the arrearage owed by Oliver or end the litigation concerning the claim for arrearage. An order that adjudicates fewer than all of the claims of the parties does not terminate the action. Ark. R. Civ. P. 54 (b); *Morrison, supra.* Accordingly, we dismiss this appeal.

Appeal dismissed.

DUDLEY, J., not participating.