## A-1 BONDING *v.* STATE of Arkansas

CA 98-437                                                           984 S.W.2d 29

Court of Appeals of Arkansas
Division I
Opinion delivered December 2, 1998
[Petition for rehearing denied January 6, 1999.]

*Keil & Goodson*, by: *John C. Goodson*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Sandy Moll*, Ass't Att'y Gen., for appellee.

JOHN B. ROBBINS, Chief Judge. Noe Garza was charged with possession of marijuana with intent to deliver, to which he pleaded not guilty on May 29, 1996. His trial was set for October 14, 1996, and he was released from jail on June 12, 1996, after appellant A-1 Bonding posted a $75,000.00 bond. On

October 2, 1996, Mr. Garza was to appear at a preliminary hearing, but failed to do so. Johnny Rockett, a representative of A-1 Bonding who attended the hearing, was directed to find Mr. Garza and return him to jail. A warrant was issued for Mr. Garza's arrest because of his failure to appear, and the prosecuting attorney was ordered to commence forfeiture proceedings on the bond.

A-1 Bonding received a letter on January 8, 1997, advising it that a forfeiture proceeding was set for hearing on May 7, 1997. Mr. Rockett appeared at the May 7, 1997, hearing and explained to the trial court that A-1 Bonding had made numerous unsuccessful attempts to apprehend Mr. Garza, who had apparently absconded to Mexico. Mr. Rockett testified that "[w]e have made five trips to south Texas" and that Gary Kennedy went into Mexico and located Mr. Garza, but they needed more time to extradite Mr. Garza by legal means. Mr. Rockett predicted that A-1 Bonding could have Mr. Garza returned to jail in thirty to forty-five days, and he estimated that around $15,000.00 had already been spent in their attempts at picking him up.

At the conclusion of the May 7, 1997, hearing, the trial court announced that "the bond will be forfeited." It ordered the deputy prosecuting attorney to prepare an order forfeiting the bond, but leaving open the issues of the amount of expenses incurred by A-1 Bonding in attempting to apprehend Mr. Garza, and whether A-1 Bonding would be given credit for those expenditures against the $75,000.00 forfeiture. The trial court then scheduled a hearing for June 25, 1997, for the purpose of determining the extent of any credit for A-1 Bonding's expenses.

On May 20, 1997, A-1 Bonding returned Mr. Garza to the county jail. At that time, Mr. Rockett and a deputy sheriff signed a "Bond Surrender Agreement," which purported to relieve A-1 Bonding of all liability on the bond.

On June 18, 1997, a written judgment for forfeiture of the bond was filed in the circuit clerk's office, pursuant to the directive of the trial court on May 7, 1997. Then, on June 25, 1997, A-1 Bonding filed a motion to amend findings of fact, to set aside judgment, and for new trial. In its motion, A-1 Bonding asked that the judgment be set aside because Mr. Garza was returned to

the county jail before the judgment was filed. A-1 Bonding also requested a new trial, and all other relief to which it may be entitled. The trial court continued the scheduled June 25, 1997, hearing until August 6, 1997, for the purpose of addressing these issues as well as any possible setoff in A-1 Bonding's favor as a result of its expenses incurred in attempting to apprehend Mr. Garza.

At the August 6, 1997, hearing, A-1 Bonding took the position that no judgment was entered on May 7, 1997, and that there was not an effective bond forfeiture prior to Mr. Garza's return on May 20, 1997. Mr. Rockett testified that, after the May 7, 1997 hearing, he was under the impression that they had an extension of time to apprehend Mr. Garza. Mr. Kennedy testified that, had he known the forfeiture was final, he would not have continued to pursue the matter. He then discussed the expenses involved in his efforts, which included several trips to south Texas and Mexico, hotel expenses, cellular phone expenses, and printing expenses for "reward" posters. Mr. Kennedy also indicated that he had to pay informants and the Mexican Federales, and had to employ an International Interdiction Recovery Team at a price totaling 55% of the bond. Although Mr. Kennedy produced no documentation of any expenses, he estimated that they exceeded $60,000.00.

After the August 6, 1997, hearing, the trial court found that while the June 18, 1997, order was not final and appealable, it was only because the issue of setoff expenses had been left open for resolution at a subsequent hearing. The trial court found that the bond had already been forfeited, and that this issue was res judicata. Although the trial court denied all of A-1 Bonding's motions, it allowed a $15,000.00 setoff for funds expended in apprehending Mr. Garza.

A-1 Bonding now appeals from the trial court's decision, and raises two arguments for reversal. First, it contends that, because Mr. Garza was surrendered before a judgment or forfeiture was entered, the trial court was without authority to forfeit the bond. In the alternative, A-1 Bonding argues that the trial court abused its discretion in failing to award the full expenses incurred in its efforts to apprehend Mr. Garza.

For its first argument, A-1 Bonding cites *Standridge v. Standridge*, 298 Ark. 494, 769 S.W.2d 12 (1989), in which our supreme court held that a judgment is not effective until it is "entered" as provided by Ark. R. Civ. P. 58; merely announcing the judgment from the bench is insufficient. A-1 Bonding asserts that, while the trial court announced the bond forfeiture on May 7, 1997, the judgment was not entered until after Mr. Garza had been returned to the county jail, and this fact rendered the judgment ineffective.

Arkansas Code Annotated section 16-84-114 (Supp. 1997) provides, in pertinent part:

> (a)(1) At any time before the forfeiture of their bond, the surety may surrender the defendant, or the defendant may surrender himself, to the jailer of the county in which the offense was committed.
>
> (2) However, the surrender must be accompanied by a certified copy of the bail bond to be delivered to the jailer, who must detain the defendant in custody thereon as upon a commitment and give a written acknowledgment of the surrender.
>
> (3) The surety shall thereupon be exonerated.

Arkansas Code Annotated section 16-84-201 (Supp. 1997) provides:

> (a)(1)(A) If the defendant fails to appear for trial or judgment, or at any other time when his presence in court may be lawfully required, or to surrender himself in execution of the judgment, the court may direct the fact to be entered on the minutes, and shall promptly issue an order requiring the surety to appear, on a date set by the court not less than ninety (90) days nor more than one hundred twenty (120) days after the issuance of the order, to show cause why the sum specified in the bail bond or the money deposited in lieu of bail should not be forfeited.
>
> (B) The one hundred twenty-day period begins to run from the date notice is sent by certified mail to the surety company at the address shown on the bond, whether or not it is received by the surety.
>
> (2) The order shall also require the officer who was responsible for taking of bail to appear, unless:

(A) The surety is a bail bondsman; or

(B) The officer accepted cash in the amount of bail.

(b) The appropriate law enforcement agencies shall make every reasonable effort to apprehend the defendant.

(c)(1) If the defendant is surrendered, arrested, or good cause is shown for his failure to appear before judgment is entered against the surety, the court shall exonerate a reasonable amount of the surety's liability under the bail bond.

(2) However, if the surety causes the apprehension of the defendant, or the defendant is apprehended within one hundred twenty (120) days from the days of receipt of written notification to the surety of the defendant's failure to appear, no judgment or forfeiture of bond may be entered against the surety, except as provided in subsection (e) of this section.

(d) If, after one hundred twenty (120) days, the defendant has not surrendered or been arrested, prior to judgment against the surety, the bail bond or money deposited in lieu of bail may be forfeited.

(e) If, before judgment is entered against the surety, the defendant is located in another state, and the location is known, the appropriate law enforcement officers shall cause the arrest of the defendant and the surety shall be liable for the cost of returning the defendant to the court in an amount not to exceed the face value of the bail bond.

(f) In determining the extent of liability of the surety on a bond forfeiture, the court may take into consideration the expenses incurred by the surety in attempting to locate the defendant and may allow the surety credit for the expenses incurred.

■ Although A-1 Bonding submits that Ark. Code Ann. § 16-84-114(a)(3) (Supp. 1997) entitles it to complete exoneration, we find otherwise. Arkansas Code Annotated section 16-84-114(a)(1) (Supp. 1997) provides that, to be entitled to complete exoneration, the defendant must be surrendered before forfeiture of the bond, and here that did not occur. Although the judgment against A-1 Bonding was not entered until after Mr. Garza was surrendered, the forfeiture became effective when announced on May 7, 1997. The trial court in this case correctly

complied with Ark. Code Ann. § 16-84-201(c)(1) (Supp. 1997), which provides for the exoneration of a *reasonable amount* of the surety's liability if he is surrendered before judgment is entered. Mr. Garza was surrendered after the forfeiture but prior to entry of the judgment, and the trial court credited A-1 Bonding with $15,000.00 against the $75,000.00 forfeited bond in accordance with the above statutory authority.

A-1 Bonding's remaining argument is that the trial court failed to award the full expenses incurred in its efforts to apprehend Mr. Garza. It notes that, at the August 6, 1997, hearing, Mr. Kennedy estimated these expenses to be more than $60,000.00

Pursuant to Ark. Code Ann. § 16-84-201(f) (Supp. 1997), the trial court took into consideration the expenses incurred by A-1 Bonding, and determined that they totaled only $15,000.00. A trial court's decision in this regard will not be reversed absent an abuse of discretion, *see Liberty Bonding Co. v. State,* 270 Ark. 434, 604 S.W.2d 956 (1980), and in the case at bar we find no abuse of the trial court's discretion. At the May 7, 1997, hearing, Mr. Rockett estimated the expenses at $15,000.00. While Mr. Kennedy later testified that over $60,000.00 was expended in recovering Mr. Garza, he produced no documentation of any of the asserted expenses, and the trial court was not obligated to accept his testimony given that it is its duty to judge the credibility of the witnesses. *See Shibley v. State,* 324 Ark. 212, 920 S.W.2d 10 (1996).

Affirmed.

NEAL and CRABTREE, JJ., agree.