NATIONSBANC MORTGAGE CORP. *v.*
Alfred HOPKINS, et al.

CA 03-1395                                    190 S.W.3d 299

Court of Appeals of Arkansas
Division III
Opinion delivered September 8, 2004

*Wright, Lindsey & Jennings*, by: *Patrick J. Goss*; and *Dyke, Henry, Goldsholl & Winzerling, P.L.C.*, by: *Scot P. Goldscholl*, for appellant.

*William F. Smith*, for appellees.

*The Coutts Law Firm, P.A.*, by: *James V. Coutts*, for appellee River Valley Bank.

JOHN B. ROBBINS, Judge. This is the second appeal in this case. In the first appeal, *Nationsbanc Mortgage Corp. v. Hopkins*, 82 Ark. App. 91, 114 S.W.3d 757 (2003), we reversed and remanded the trial court's cancellation of a mortgage and promissory note executed by appellee Alfred Hopkins to appellant Nationsbanc. In accordance with our opinion, the trial court, upon remand, entered judgment for Nationsbanc for $146,264.51 due and owing on the note. However, the court denied Nationsbanc's request for an additional $77,393.78 in interest, costs, penalties, and attorney fees. Nationsbanc appeals from that judgment, and we affirm.

As may be ascertained from our prior opinion, Alfred and Patricia Hopkins, who are now divorced, executed approximately $600,000 in promissory notes to Nationsbanc and its predecessors between 1979 and 1995, all of them secured by mortgages on their home property. In 1996, they executed another mortgage securing a note in the amount of $150,000. Thereafter, in the course of refinancing the note pending the divorce, Alfred Hopkins discovered that Nationsbanc had not released the prior mortgages, even though the corresponding notes had been paid in full. For several months, he attempted to contact Nationsbanc to obtain a payoff figure on his current note and obtain a release of the prior mortgages, but Nationsbanc never acknowledged satisfaction of the mortgages or explained its refusal to do so. Ultimately, the Hopkinses stopped paying on the 1996 note, and Nationsbanc filed a foreclosure action in November 1998, seeking the $146,264.51 balance due. The Hopkinses in turn sought cancella-

tion of the 1996 note and mortgage as well as monetary damages for Nationsbanc's failure to release the prior mortgages. Following a trial, the circuit court canceled the 1996 note and mortgage and awarded the Hopkinses $376,423.61 in damages. The basis of the trial court's ruling was that Nationsbanc had violated Ark. Code Ann. § 18-40-104(c) (Repl. 2003), which provides that, if a mortgagee fails to properly acknowledge a mortgagor's satisfaction of a mortgage within sixty days after the mortgagor requests it, the mortgagee "shall forfeit to the party aggrieved any sum not exceeding the amount of the mortgage money."

Nationsbanc appealed the above ruling, and we affirmed all relevant portions of the ruling except the cancellation of the note and mortgage. We held that section 18-40-104(c) was intended to serve as a penalty when a mortgagee failed to acknowledge satisfaction of a mortgage but did not apply to a mortgage that had not yet been satisfied, such as the one accompanying the 1996 note in this case. We therefore concluded that the trial court erred in applying the statute to invalidate the 1996 mortgage and note. *Nationsbanc v. Hopkins, supra.*

After remand, upon entering judgment for Nationsbanc on the note, the trial court refused to award Nationsbanc any interest, attorney fees, costs, or penalties, stating:

> The Court previously found that said note in the sum of $146,264.51 would have been paid off and the mortgage satisfied but for wilful [sic], wanton acts of Nationsbanc. The Court reaffirms this prior finding and the Court finds that Nationsbanc's wrongful acts, refusals to comply with Statutory Law, negligent acts and delays are the reason that said note of $146,264.51 was not paid in full. Due to these wrongful acts the Court denies any award of interest, costs, penalties and attorney fees which accrued due solely to Nationsbanc's wrongful actions. . . . It would be unjust and inequitable to award Nationsbanc said sums above the amount of the principal debt due to their unclean hands. . . .

Nationsbanc now appeals from that order. Although it cites no convincing authority in support of its argument, it contends that the trial court's ruling repudiated our holding in the prior appeal and improperly applied the doctrine of unclean hands.

We disagree that the trial court's refusal to award interest, fees, penalties, and costs was at odds with our prior opinion. The law on the subject states that a trial court must implement both the

letter and spirit of the appellate mandate, taking into account the appellate court's opinion and the circumstances it embraces. *See City of Dover v. A. G. Barton*, 342 Ark. 521, 29 S.W.3d 698 (2000). If an appellate court remands with specific instructions, those instructions must be followed exactly, to ensure that the lower court's decision is in accord with that of the appellate court. *Id.* Where a remand limits the issues for determination, the court on remand is precluded from considering other issues, or new matters, affecting the cause. *Id.* Any proceedings on remand which are contrary to the directions contained in the mandate from the appellate court may be considered null and void. *Id.*

■ In our prior opinion, we did not remand with specific instructions regarding the note and mortgage, other than to say that the trial court erred in applying section 18-40-104(c) to cancel them. The question of whether interest, penalties, costs, and fees might be awarded on remand was neither broached by the parties in their briefs nor contemplated in the opinion. Thus, the import of our holding was simply that the mortgage and note should be reinstated. We said nothing that would prevent the trial court from considering whether Nationsbanc was entitled to interest, costs, penalties, and attorney fees.

■ We likewise disagree that error occurred in the trial court's use of the clean-hands doctrine to deny Nationsbanc any relief over and above the amount due on the note. The clean-hands doctrine bars relief to those guilty of improper conduct in the matter as to which they seek relief. *Wesley v. Estate of Bosley*, 81 Ark. App. 468, 105 S.W.3d 389 (2003). Equity will not intervene on behalf of a party whose conduct in connection with the same matter has been unconscientious or unjust. *Id.* In determining whether the clean-hands doctrine should be applied, the equities must be weighed. *Id.; Estate of Houston v. Houston*, 31 Ark. App. 218, 792 S.W.2d 342 (1990). Application of the doctrine of unclean hands is a matter for the trial judge's discretion as to whether the interests of equity and justice require its application. *See Laroe v. Laroe*, 48 Ark. App. 192, 893 S.W.2d 344 (1995). On appeal, we review the application of the doctrine for an abuse of discretion. *See Wesley v. Estate of Bosley, supra.* In its original order, the trial court found that the Hopkinses could have satisfied the 1996 note but for Nationsbanc's refusal to provide a payoff figure and satisfy the other mortgages. The court also concluded that Nationsbanc was in the position of not having the note paid

because of its own wrongful acts. Given those rulings, and the fact that we did not dispute them in our prior opinion, the trial court's determination that Nationsbanc's dilatory conduct should prevent it from recovering interest, fees, costs, and penalties was a proper exercise of the court's discretion. We therefore decline to reverse the court's balancing the equities such that Nationsbanc receives judgment only for the amount owed on the note.

Affirmed.

PITTMAN and HART, JJ., agree.