Sharon WHITE *v.* Randy MATTINGLY

CA 04-90                                         199 S.W.3d 724

Court of Appeals of Arkansas
Opinion delivered December 8, 2004

*Kester Law Firm*, by: *Charles M. Kester*, for appellant.

No brief filed.

Andree Layton Roaf, Judge. Appellant Sharon White, who sued appellee Randy Mattingly for battery and outrage, appeals from a judgment notwithstanding the verdict (JNOV) that set aside a $10,000 jury verdict in her favor. We reverse and remand with directions to reinstate the jury's verdict.

White was a teacher and Mattingly was a principal in the Bentonville School District in 1999 when they began a relationship that can best be characterized as a flirtation. The flirtation eventually escalated into at least two sexual encounters, which White claims were forced upon her and which Mattingly claims were consensual. In 2001, White sued Mattingly for battery and outrage, alleging that he sexually harassed her and threatened her with grave consequences should his conduct be revealed. The case went to trial, and on February 4, 2003, the jury returned a verdict in favor of White on both counts. No damages were awarded on the battery count, but $5,000 in compensatory damages and $5,000 in punitive damages were awarded to White on her outrage claim.

On February 13, 2003, Mattingly filed a motion for a JNOV, contending that the jury's finding of outrage was not supported by substantial evidence. On July 1, 2003, the trial court entered a JNOV setting aside the jury's outrage verdict. White appeals from the JNOV (no appellee's brief was filed by Mattingly) and makes the following arguments: 1) the trial court lacked jurisdiction to grant the JNOV on July 1, 2003, which was 137 days after Mattingly's motion was filed; 2) even if the trial court had jurisdiction, Mattingly did not make proper directed-verdict motions and was thus barred from seeking a JNOV; and 3) in any case, there was substantial evidence to support the jury's verdict. We agree that the trial court lacked jurisdiction to grant the JNOV and therefore reverse and remand the case on that basis.

To fully explain the jurisdictional deficiency in this case, it is necessary to set out the sequence of events preceding the trial court's entry of the JNOV. We note at the outset that, under Rule 50(b) of our Rules of Civil Procedure, the entry of judgment is the "trigger" date from which the deadlines are computed for filing and ruling upon a JNOV motion. Thus, the date of entry of judgment is crucial to our determination of whether the trial court had jurisdiction to rule on the JNOV motion.

Following the jury's verdict on February 4, 2003, the trial court entered a document on February 5, 2003, titled "Civil Order." This order was completed by filling in blanks and marking boxes, and it recorded the following information: the names of the parties and their attorneys, the docket number of the case, the fact that a jury trial had been held, the dates that the trial had been held, and the fact that evidence had been received resulting in a verdict of "$5,000 compensatory & $5,000 punitive." The order was signed by the trial judge and was file-marked by the clerk.

On February 13, 2003, six business days after entry of the Civil Order, Mattingly filed his JNOV motion. On February 28, 2003, the trial court took the motion under advisement. No relevant activity occurred thereafter until a hearing on April 4, 2003. At that hearing, White's counsel argued that the trial court had no jurisdiction to grant the JNOV because, under Ark. R. Civ. P. 50(b), if the trial court neither grants nor denies a motion for a JNOV within thirty days of the date on which it is filed, the motion shall be deemed denied as of the thirtieth day. The court rejected White's argument on the ground that the thirty-day provision is not applicable until judgment is entered, and according to the court, no judgment had yet been entered in the case.

The parties also expressed a belief that no judgment had been entered, and it is thus apparent that neither the court nor the litigants considered the February 5 Civil Order to be a judgment.

On July 1, 2003, the trial court entered a document titled "Judgment." Therein, the court recited the particulars of the jury's verdict and, in the same document, granted Mattingly's JNOV motion. White now appeals from that ruling.

A trial court loses jurisdiction to rule on a JNOV motion if it does not do so within thirty days of the motion's filing, and an order purporting to grant a JNOV motion after that deadline is void and of no effect. *See Farm Bureau Mut. Ins. Co. v. Sudrick*, 49 Ark. App. 84, 896 S.W.2d 452 (1995). In the case at bar, the trial court's grant of the JNOV on July 1 obviously occurred more than thirty days after the motion was filed on February 13, 2003. However, our Rules of Civil Procedure provide that a JNOV motion made before entry of judgment is treated as though it were filed on the day after the judgment was entered. Ark. R. Civ. P. 50(b)(2) (2004). According to the trial court, no judgment had been entered at the time Mattingly filed his JNOV motion, and the motion therefore remained, in the court's words, "ripe for consideration." We disagree with the trial court because, at the time Mattingly filed his motion on February 13, 2003, judgment had in fact been entered in the form of the February 5, 2003, order.

The formal requirements for a judgment in Arkansas are few. *Thomas v. McElroy*, 243 Ark. 465, 420 S.W.2d 530 (1967). According to *Thomas v. McElroy*, a judgment must be the final determination of the rights of the parties; it must compute the amount of the judgment in dollars and cents; it must clearly specify the relief granted or other disposition of the action; it must clearly show that it is the act of the law, pronounced and declared by the court after inquiry; and it should state the amount that the defendant is required to pay and provide some guidance regarding the date from which interest is to be computed. *Id.* at 468, 471, 420 S.W.2d at 532-33. Whether a document is a judgment will be tested by its substance, not its form, and its designation or title is not controlling. *See id.* at 468, 420 S.W.2d at 532.

Despite the fact that *McElroy* predates our Rules of Civil Procedure, it has been consistently cited since the Rules' adoption for its holding as to what constitutes a judgment. *See* David Newbern and John Watkins, *Ark. Civ. Prac. & Pro.* § 26-1 at 357 (3d ed. 2002). Our Rules of Civil Procedure do not, in any event,

set out a list of formal requirements for a judgment, other than to provide a definition of "judgment" that includes "a decree and any order from which an appeal lies," Ark. R. Civ. P. 54(a) (2004), and a requirement that a judgment be set forth "on a separate document." Ark. R. Civ. P. 58 (2004).

We conclude that the Civil Order in this case bears all the significant indicia of a judgment. It contains a caption with the designation of the court, the names of the parties, and the case number; it states that the cause came on for a jury trial and that the parties appeared with counsel; it notes that a jury was selected, evidence received, and a verdict rendered in the amount of "$5,000 compensatory & $5,000 punitive"; it is signed by the trial judge; it is file-marked by the clerk; and it contains, in a handwritten notation, the date of the jury's verdict. It therefore contains the substantive aspects of a judgment and differs from an ordinary, typewritten judgment in form only. The record reveals no purpose to be served by this document, and we can discern none, other than for it to operate as a judgment on the jury's verdict. Further, the Civil Order is the only "separate document" in the record that contains the hallmarks of a judgment and meets the requirements of Ark. R. Civ. P. 58.

■■ We therefore determine that the February 5, 2003, Civil Order was a judgment as contemplated by our case law and our Rules of Civil Procedure.[1] Thus, when we apply the time frames set forth in Rule 50(b) with that date in mind, we see that Mattingly's February 13 JNOV motion was timely, having been filed within ten days after the entry of judgment. Ark. R. Civ. P. 50(b)(2) (2004). Consequently, the trial court had until Monday, March 17, 2003, to rule on the motion, *id.*, the thirtieth day having fallen on Saturday, March 15. *See* Ark. R. Civ. P. 6(a) (2004). When the court failed to rule by that date, it lost jurisdiction to grant the JNOV. *Farm Bureau Mut. Ins. Co. v. Sudrick, supra.* Therefore, the order purporting to grant the JNOV was void and of no effect. *Id.*

---

[1] Although White does not argue in her brief that the Civil Order constituted a judgment, when ruling on matters of jurisdiction, we are obligated to resolve the issue on our own, regardless of whether the parties bring the issue to the court's attention and regardless of the parties' posture on the issue. *See generally Lake View Sch. Dist. No. 25 v. Huckabee,* 351 Ark. 31, 91 S.W.3d 472 (2002); *Timmons v. McCauley,* 71 Ark. App. 97, 27 S.W.3d 437 (2000).

In light of the foregoing, we reverse the trial court's entry of the JNOV and remand with directions to reinstate the jury verdict. Our holding makes it unnecessary to address White's two remaining arguments.

Reversed and remanded.

ROBBINS and BIRD, JJ., agree.