Teresa ALLEN  v.  Chad ALLEN

CA 06-823                                                      259 S.W.3d 480

Court of Appeals of Arkansas
Opinion delivered June 20, 2007

*Hilburn, Calhoon, Harper, Pruniski & Calhoun, Ltd.*, by: *Traci LaCerra*, for appellant.

*The Law Offices of Gary Green, P.A.*, by: *Randy Hall*, for appellee.

SARAH HEFFLEY, Judge. Appellant Teresa Allen appeals from a post-decree order holding that she has no marital interest in appellee Chad Allen's full retirement benefits that vested during the marriage. We agree that the trial court erred and reverse and remand.

The parties' seven-year marriage ended with the entry of a divorce decree that was filed of record on August 30, 2004. The decree contained several interrelated provisions regarding the division of marital property. As pertinent to this appeal, the decree fixed appellee's marital interest in appellant's business at $40,000. Appellant was entitled, however, to deduct from that sum her marital share of equipment appellee had sold and her share of appellee's retirement benefits. Specifically, the decree provided:

5. The parties have agreed that the [Appellant] shall retain her business, All For Pets Veterinarian Clinic, as her sole and separate property free from any right, title or claim by the [Appellee]. The [Appellant] shall assume all debt associated with the business and shall refinance any debt which is held jointly by the parties. The [Appellant] shall hold the [Appellee] harmless on the debt associated with the business.

The [Appellant] shall pay the [Appellee] the sum of $40,000 for his marital interest in the business. The [Appellant] shall have the right to make the payment after the sale of the marital residence from the proceeds from the sale of the residence. The parties further agree that the [Appellant] shall be entitled to use as a set-off her one-half of the sale proceeds from the equipment and her one-half interest in the [Appellee's] retirement. After application of the sale proceeds from the sale of the home and equipment and the retirement proceeds, if there remains any money owed to [Appellee], the [Appellant] shall pay the remaining amount at the rate of $500 per month until paid in full.

6. The parties each have retirement. The parties shall divide equally the retirement which accrued during the marriage. Said retirement shall be divided pursuant to a Qualified Domestic Relations Order.

Date of marriage August 23, 1997
Date of divorce June 24, 2004

7. The [Appellee] has sold certain items of equipment which was marital property. The [Appellee] shall pay the [Appellant] one-half of the sale proceeds from the sale of the equipment upon entry of the decree.

The date-of-marriage and date-of-divorce recitals in paragraph six are in a font that is different from the rest of the decree and were inserted and initialed by appellee's attorney. The date of divorce referred to in this insertion is the date that the divorce hearing was held, June 24, 2004, rather than the date the divorce decree was entered, August 30, 2004. Appellant's attorney signed her approval of the decree.

After the decree was entered, the parties could not come to terms over the dollar amount of the deductions appellant was allowed to subtract from the $40,000 that represented appellee's

interest in appellant's business. This dispute prompted appellee to file a "Motion to Enforce the Decree" on December 15, 2005. At the hearing held on March 2, 2006, appellee took the position that appellant was not allowed to calculate her half of the equipment that was sold from the total proceeds of the sale. He contended that she was only entitled to one-half of the net proceeds, after the debt on the equipment was satisfied. Appellee also asserted that appellant was not entitled to share in his full retirement benefits. Appellee put on evidence that, as of June 24, 2004, he was only vested in his retirement in the amount of the contributions that he had made, but that it was not until July 1, 2004, that he became fully vested in his retirement plan. Appellee argued that, because the decree recited that the date of the divorce was June 24, 2004, appellant was not entitled to share in the contributions made by his employer that vested on the subsequent date of July 1, 2004. At the hearing, appellee's attorney candidly admitted that he had not disclosed the vesting date to appellant prior to the divorce.

The trial court ruled in favor of appellee on both of his arguments. The trial court permitted deductions of $13,000 for the equipment, representing appellant's one-half share of the net proceeds from the sale, and $5,721 for appellee's retirement, as limited to one-half of appellee's contributions. After other deductions not relevant here, appellant was ordered to pay appellee $16,283.25. Appellant appeals from the order setting out the trial court's decision, challenging only that part of the order concerning appellee's retirement benefits.

We review traditional equity cases on both factual and legal questions de novo on the record, but we will not reverse a finding by the trial court unless it is clearly erroneous. *Crosby v. Crosby*, 97 Ark. App. 316, 249 S.W.3d 144 (2007). We do not defer to the trial court's determinations of law. *Pittman v. Pittman*, 84 Ark. App. 293, 139 S.W.3d 134 (2003).

■ Appellant is entirely correct in her argument that marital property is to be divided as of the time of the divorce. *Skokos v. Skokos*, 344 Ark. 420, 40 S.W.3d 768 (2001). Moreover, the decree provided that the parties were to "divide equally the retirement *which accrued during the marriage*." Thus, we agree with appellant that the trial court clearly erred in its decision. The decree erroneously recited June 24, 2004, as the date of the divorce. However, that was the date of the divorce hearing, not the date of the actual divorce. It is firmly established, both by rule and our case law, that a judgment or decree is not effective until it

is entered as provided in Ark. R. Civ. P. 58 and Administrative Order No. 2. *Price v. Price,* 341 Ark. 311, 16 S.W.3d 248 (2000); *Standridge v. Standridge,* 298 Ark. 494, 769 S.W.2d 12 (1989); *see also Shackelford v. Ark. Power & Light Co.,* 334 Ark. 634, 976 S.W.2d 950 (1998); *Blaylock v. Shearson Lehman Bros., Inc.,* 330 Ark. 620, 954 S.W.2d 939 (1997); *Clayton v. State,* 321 Ark. 217, 900 S.W.2d 537 (1995); *Gen. Motors Acceptance Corp. v. Eubanks,* 318 Ark. 640, 887 S.W.2d 292 (1994); *Nance v. State,* 318 Ark. 758, 891 S.W.2d 26 (1994); *Kelly v. Kelly,* 310 Ark. 244, 835 S.W.2d 869 (1992); *Filyaw v. Bouton,* 87 Ark. App. 320, 191 S.W.3d 540 (2004); *A-1 Bonding v. State,* 64 Ark. App. 135, 984 S.W.2d 29 (1998); *Morrell v. Morrell,* 48 Ark. App. 54, 889 S.W.2d 772 (1994); *Brown v. Imboden,* 28 Ark. App. 127, 771 S.W.2d 312 (1989). A judgment, decree, or order is "entered" when it is stamped or marked by the clerk. *Price v. Price, supra;* Ark. Sup. Ct. Admin. Order No. 2. The purpose of this law is to provide a definite point at which a judgment, be it a decree of divorce or other final judicial act, becomes effective. *Standridge v. Standridge, supra.* It is also meant to eliminate disputes between litigants. *Price v. Price, supra.* It follows that, by law, the parties' marriage did not end until the decree was filed on August 30, 2004. Consequently, appellant is entitled to share in all of appellee's retirement benefits that accrued prior to that date in accordance with paragraph six of the decree. In our view, the settled law establishing a definitive point in time when a judgment or decree becomes effective cannot be subverted by a recital in a decree. We thus reverse the trial court's order.

We also reject appellee's assertion that acceptance of appellant's argument violates the provisions of Ark. R. Civ. P. 60 by modifying the decree past the rule's ninety-day deadline. Rather, our holding is an interpretation of the decree that is consonant with the law and the undisputed facts of this case. Also, there is no improper modification at work here. In *Tyer v. Tyer,* 56 Ark. App. 21, 937 S.W.2d 667 (1997), the case appellee cites, we did hold that under Rule 60 the trial court lacked jurisdiction to modify a divorce decree to include the distribution of marital property that was not mentioned in the divorce decree. However, that holding presupposes that the decree of divorce was a final order. That is not the case here.

For a judgment to be final, it must dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy. *Roberts v. Roberts,* 70 Ark.

App. 94, 14 S.W.3d 529 (2000). An order is not final and appealable merely because it settles the issue as a matter of law; to be final, the order must also put the court's directive into execution, ending the litigation or a separable branch of it. *Morton v. Morton*, 61 Ark. App. 161, 965 S.W.2d 809 (1998). The amount of the judgment must be computed, as near as may be, in dollars and cents, so as to be enforced by execution or some other appropriate manner. *Thomas v. McElroy*, 243 Ark. 465, 420 S.W.2d 530 (1967); *accord Office of Child Support Enforcement v. Oliver*, 324 Ark. 447, 921 S.W.2d 602 (1996); *White v. Mattingly*, 89 Ark. App. 55, 199 S.W.3d 724 (2004); *see also Hastings v. Planters & Stockmen Bank*, 296 Ark. 409, 757 S.W.2d 546 (1989); *Morton v. Morton, supra*; *Meadors v. Meadors*, 58 Ark. App. 96, 946 S.W.2d 724 (1997).

In *Thomas v. McElroy, supra*, the supreme court discussed the formal requirements of a judgment in the context of deciding what constituted a final judgment. There, McElroy had filed suit against Thomas for unpaid rent. After a hearing, the trial court entered an order finding that Thomas owed $40 a month during the period between December 9, 1963, and July 8, 1964. About a year later, the trial court entered an order that granted judgment against Thomas in the amount of $760. Thomas argued on appeal that the first order was a final judgment and that the trial court had no authority to modify it a year later. The supreme court disagreed, enunciating the rule that to be final, a judgment for money must state the amount that the defendant is required to pay. The supreme court thus held that the trial court did not err by entering judgment at a later date because the first order was not a final judgment since the amount owed for rent was not stated in dollars and cents. *See also Villines v. Harris*, 362 Ark. 393, 208 S.W.3d 763 (2005) (holding that, although a previous order set out a formula for calculating damages, the order was not final because it did not establish the amount of damages); *Office of Child Support Enforcement v. Oliver, supra* (holding that an order was not final where an arrearage in child support was found but the amount of the arrearage was not determined); *Hastings v. Planters & Stockmen Bank, supra* (holding that an order of summary judgment was not final where the amount owed was not specified in dollars and cents).

■ In this case, the decree provided that appellant owed appellee $40,000 for his interest in appellant's business, but that sum was to be reduced by set-offs in unstated amounts. The decree was not self-executing, as it did not state with specificity the amount of money appellant was required to pay. The decree was

not a final order, and obviously so, since its omissions and lack of certainty gave rise to further litigation.

■ We also disagree with appellee's contention that appellant is guilty of unclean hands because she did not pay what was owed under the decree. The clean-hands doctrine bars relief to those guilty of improper conduct in the matter as to which they seek relief. *Nationsbanc Mtg. Co. v. Hopkins*, 87 Ark. App. 297, 190 S.W.3d 299 (2004). As is evident by our decision, the amount appellant owed was subject to legitimate dispute. We see no basis for the application of the clean-hands defense here.

To conclude, we reverse and remand for proceedings consistent with this opinion.

Reversed and remanded.

HART, GRIFFEN, MILLER, and BAKER, JJ., agree.

MARSHALL, J., concurs in part and dissents in part.

PITTMAN, C.J., and GLOVER and ROBBINS, JJ., dissent.

D.P. MARSHALL JR., Judge, concurring in part and dissenting in part. I would reverse and remand for the circuit court to explain why it construed this final, but ambiguous, decree in the way it did.

DAVID M. GLOVER, Judge, dissenting. I respectfully dissent from the majority opinion in this case regarding the effect of paragraph 6 of the parties' divorce decree, which included the following provisions:

> 6. The parties each have retirement. The parties shall divide equally the retirement which accrued during the marriage. Said retirement shall be divided pursuant to a Qualified Domestic Relations Order.
>
> Date of marriage August 23, 1997.
> Date of divorce June 24, 2004.

The specific property addressed in paragraph 6 was retirement accounts, and, as acknowledged in the majority opinion, the date-of-marriage and date-of-divorce recitals inserted beside this paragraph were 1) typed in a different font and 2) inserted and initialed by

appellee's attorney. However, along with appellee's counsel, appellant's attorney sometime thereafter signed her approval on the decree, which was then signed by the court and entered on August 30, 2004. No appeal was taken from the decree, and neither was a motion filed pursuant to Rule 60 of the Arkansas Rules of Civil Procedure. Instead, this appeal arose from an April 25, 2006 order that was entered by the trial court following a March 2, 2006 hearing on appellee's motion to enforce decree.

The majority concludes that the trial court clearly erred in holding that appellant had no marital interest in appellee's retirement benefits that vested after June 24, 2004, reasoning that the decree provided that the parties were to "divide equally the retirement which accrued during the marriage," that marital property is to be divided as of the time of the divorce, and that the divorce decree did not become effective until it was entered on August 30, 2004. Accordingly, the majority interprets paragraph 6 of the divorce decree as entitling appellant to share in all of appellee's retirement benefits that accrued prior to August 30, 2004, rejecting the June 24, 2004 date inserted into paragraph 6 by appellee, which was agreed to by both parties and approved by the trial court. I disagree.

The majority characterizes the parties' recitation of the June 24, 2004 date as error. In my opinion, however, the reasonable inference to draw from this date is that it was inserted for purposes of valuation of the retirement accounts. Arkansas Code Annotated section 9-12-315(a) ties *distribution* of marital property to the time a decree is entered. The statute does not prohibit *valuation* of marital property at an earlier, agreed upon date, which occurred here.

Appellant's counsel confirmed in her reply brief, though not referenced by the majority opinion, her realization, albeit "after-the-fact," that "[i]t is now clear why Appellee's trial counsel argued to put June 24, 2004 in the decree. . . ." The majority opinion notes that when the issue was first addressed (which was at the hearing on appellee's motion to enforce the decree), appellee's attorney candidly admitted that he had not disclosed to appellant the vesting date of the retirement account. The issue raised by appellant on appeal addresses the burden of disclosure. The admission of appellee's counsel at the post-trial hearing and the issue now raised by appellant together suggest the need for a review of what relevant information was produced in the trial process. First, the appellate record before us does not include any exhibits offered

by appellant at the June 24, 2004 final hearing confirming the dollar amount, accrued time, or vesting date of appellee's retirement plan. Neither does the record disclose that appellant utilized any standard discovery techniques — depositions, interrogatories, and requests for admission and production of documents — to obtain relevent information from appellee concerning his retirement information. What the record does include are three retirement-related exhibits, all introduced at the March 2, 2006 post-divorce hearing, and only one of which was by appellant, from which this appeal originated. Significantly, on March 2, 2006, appellant first produced for consideration by the trial court some documentation of appellee's entitlement to retirement benefits. That sole exhibit, however, was the March 31, 2003 quarterly report of appellee's retirement account, disclosing only limited information about its value as of that date.

PITTMAN, C.J., and ROBBINS, J., join in this dissent.