John PARKER *v.* Jim PERRY, *et al.*, Fort Smith School District, University of Arkansas at Fort Smith, City of Fort Smith

03-261                                              131 S.W.3d 338

Supreme Court of Arkansas
Opinion delivered November 20, 2003

[Petition for rehearing denied January 22, 2004.*]

---

* DICKEY, C.J., not participating.

*Oscar Stilley*, for appellant.

*Thompson & Llewellyn, P.A.*, by: *James M. Llewellyn, Jr.*, for appellee Fort Smith School District.

*Smith, Maurras, Cohen, Redd & Horan, PLC*, by: *S. Walton Maurras*, for appellee University of Arkansas.

R AY THORNTON, Justice. On March 19, 2002, appellant, John Parker, filed an illegal exaction suit in Sebastian County Circuit Court against appellees, Jim Perry, David Hudson, Frank Atkinson, and Marcy Porter, in their official capacities as assessor, county judge, collector and treasurer for Sebastian County, Fort Smith School District, Westark Community College, a/k/a University of Arkansas at Fort Smith, the City of Fort Smith, and Sebastian County.[1] Appellant's complaint alleged that Act 758 of 1995 violated Amendment 59 to the Arkansas Constitution, and that by utilizing the provisions of that statute, the appellees were imposing illegal taxes upon appellant and other taxpayers similarly situated.

Appellees filed motions seeking to dismiss appellant's complaint. In their motions, appellees argued that appellant's complaint should be dismissed because the claims raised in appellant's complaint had been previously litigated in the case of *Elzea v. Perry*,

---

[1] John Parker first filed this litigation on October 10, 2000. On March 19, 2001, appellant voluntarily nonsuited that action.

340 Ark. 588, 12 S.W.3d 213 (2000). In support of their claims, appellees attached copies of the complaint and order from the *Elzea* case. Thereafter, relying upon the facts and arguments articulated in their motions to dismiss, appellees filed motions seeking summary judgment.

On August 6, 2002, appellees filed motions seeking Rule 11 sanctions against appellant's attorney, Oscar Stilley. The motions argued that Rule 11 sanctions were proper because appellant's attorney had previously litigated and lost claims identical to those raised in appellant's complaint.

On August 16, 2002, appellant filed an amended complaint. Appellees filed motions seeking to dismiss appellant's amended complaint. On August 21, 2002, a hearing was held on appellees' motions to dismiss and for summary judgment. On September 18, 2002, the trial court's order granting appellees' motions was entered.

On September 25, 2002, a hearing was held on appellees' motions seeking imposition of Rule 11 sanctions on appellant's attorney. On October 4, 2002, an order granting appellees' request was entered.

It is from these orders that appellant appeals. On appeal four points are raised for our consideration and we affirm the trial court.

■■ In this case, we are asked to review a trial court's order in which it granted appellees' motions for summary judgment and appellees' motion requesting the dismissal of appellant's complaint. Pursuant to Ark.R.Civ.P. 12(b) and (c), a motion to dismiss is converted to a motion for summary judgment when matters outside of the pleadings are presented to and not excluded by the court. *Short v. Westark Community College*, 347 Ark. 497, 65 S.W.3d 440 (2002). Because it is clear from the wording of the order that the trial court considered matters outside of the pleadings, we will review this appeal as one from summary judgment.

■■ In *Oxford v. Perry*, 340 Ark. 577, 13 S.W.3d 567 (2000)[*Oxford II*], we articulated the standard of review that we apply to cases in which summary judgment has been granted. We wrote:

> In reviewing summary-judgment cases, this court need only decide if the trial court's grant of summary judgment was appropriate based on whether the evidence presented by the moving party left a

material question of fact unanswered. The moving party always bears the burden of sustaining a motion for summary judgment. All proof must be viewed in the light most favorable to the resisting party, and any doubts must be resolved against the moving party. The moving party is entitled to summary judgment if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Once the moving party makes a *prima facie* showing that it is entitled to summary judgment, the opponent must meet proof with proof by showing a material issue of fact. However, if a moving party fails to offer proof on a controverted issue, summary judgment is not appropriate, regardless of whether the nonmoving party presents the court with any countervailing evidence.

*Id.* (Internal citations omitted).

For his first point on appeal, appellant argues that the trial court erred in applying the doctrine of *res judicata* to his case because he did not have notice of the previous illegal-exaction suit. The previous action was styled *Elzea v. Perry*, was filed in Sebastian County by the same counsel, and involved the same claims as those raised in appellant's complaint. In support of his argument, appellant cites *Carwell Elevator Co. Inc., v. Leathers*, 352 Ark. 381, 101 S.W.3d 211 (2003), a case which was decided approximately four months after the order was entered in the case *sub judice*.

In response to appellant's argument, appellees note that at the trial level appellant never argued that he was entitled to the notice provisions articulated in *Carwell* nor did he argue that *res judicata* was inapplicable to his case based on a lack of notice or due process. To preserve an issue for appeal, the trial court must be apprised of the particular error alleged. *T & T Chemical Inc. v. Priest*, 351 Ark. 537, 95 S.W.3d 750 (2003). Additionally, we have explained that an appellant may not change the basis for his arguments or raise issues for the first time on appeal. *Id.* Because appellant failed to properly preserve his "notice" argument, we do not consider it on appeal.

██ Appellant next argues that the trial court improperly concluded that *res judicata* barred his action. In *Francis v. Francis*, 343 Ark. 104, 31 S.W.3d 841 (2000), we discussed the doctrine of *res judicata*. We wrote:

> Under the doctrine of *res judicata* or claim preclusion, a valid and final judgment rendered on the merits by a court of competent jurisdiction bars another action by the plaintiff or his privies against the defendant or his privies on the same claim or cause of action. Privity of parties within the meaning of *res judicata* means a person so identified in interest with another that he represents the same legal right. *Res judicata* bars not only the relitigation of claims which were actually litigated in the first suit, but also those which could have been litigated.
>
> In addition, this court has noted that the test in determining whether *res judicata* applies is whether matters presented in a subsequent suit were necessarily within the issues of the former suit and might have been litigated therein. . . . [W]hen the case at bar is based on the same events and subject matter as the previous case, and only raises new legal issues and seeks additional remedies, the trial court is correct to find the present case is barred by *res judicata*.
>
> The true reason for holding an issue to be *res judicata* is not necessarily the identity or privity of the parties, but instead to put an end to litigation by preventing a party who has had one fair trial on a matter from relitigating the matter a second time.
>
> \*\*\*
>
> We have noted that privity of parties within the meaning of *res judicata* means a person so identified with another that he represents the same legal right. We have never required strict privity in the application of *res judicata*, but instead have supported the idea that there must be a substantial identity of parties to apply the doctrine.

*Id.* (internal citations omitted).

██ In the context of illegal-exaction suits, we have noted that repetitive litigation of the same claims violates principles of public policy. Sixty-five years ago, in *McCarroll, Commissioner of Revenues v. Farrar*, 199 Ark. 320, 134 S.W.2d 561 (1939), we explained:

> If a suit of this character is not a bar, then one citizen after another might institute a suit for himself and others against the Commissioner of Revenues, and if the judgment in one suit was not a bar, this could continue until every citizen in the state had brought suit. The doctrine of *res judicata* is not only to protect the individual, but it is a matter of public policy.

*Id.* We are not persuaded that we should now change this well-established principle of public policy.

In the case now before us, the trial court concluded that appellant was attempting to relitigate claims which had previously been decided in *Elzea v. Perry* and applied the doctrine of *res judicata* to bar appellant's action. Specifically, the trial court found:

> [T]he complaints in each of the Sebastian County cases are identical in their substantive allegations and all allege violation of Act 758 of 1995 or failure to comply with Amendment 59.
>
> ***
>
> The court finds that each of the Sebastian County cases on Act 758 and Amendment 59 allege illegal exactions and as such each case is a class action on behalf of all taxpayers. *Res judicata* bars relitigation of the claims once finally decided. In all of the Sebastian County cases the same illegal application of Act 758 or failure to comply with Amendment 59, either prior to Act 758 or subsequent to Act 758, have been litigated and decisions of the trial courts have been affirmed by the Arkansas Supreme Court. The plaintiff's complaint is barred by the application of *res judicata*.

The trial court found that the claims raised in appellant's complaint were previously litigated in *Elzea v. Perry. Elzea* was reviewed by our court. *See Elzea v. Perry*, 340 Ark. 588, 12 S.W.3d 213 (2000). In our opinion, we summarized the facts as follows:

> This appeal actually arises from two earlier cases. The first [case was *Oxford v. Perry*] an illegal-exaction case filed by attorney Oscar Stilley on behalf of Earl Oxford on March 11, 1997, in the Chancery Court of the Fort Smith District in Sebastian County. Named as defendants were the Sebastian County assessor, county judge, collector, and treasurer, and the State Treasurer and Land Commissioner. Plaintiff Oxford's suit challenged the assessment of 1996 property taxes under Act 758 of 1995. The taxes at issue in that suit were paid in 1997.

***

In November of 1998, Stilley amended Oxford's complaint to add all of the cities, towns, and school districts of Sebastian County, as well as Westark Community College and the Fort Smith Public Library Board. In December 1998, the various defendants filed motions to dismiss under Ark. R. Civ. P. 12(b)(6), for failure to state a claim for relief, and also under Ark. R. Civ. P. 8(a), for failure to allege sufficient facts showing Oxford was entitled to relief. . . . Westark also offered as a defense the argument that the taxes were paid voluntarily. Westark's defense was based on the recognized rule that taxes paid after the filing of a suit seeking a tax refund are considered involuntarily paid and recoverable. It is this rule that played significantly in the two suits Stilley's plaintiffs filed.

***

On February 3, 1999, the chancellor entered an order dismissing the complaint without prejudice. . .[.]

Oxford never filed a notice of appeal from the February 3 decision. Instead, on March 15, 1999, Stilley filed a new complaint against the same defendants named in Oxford's suit, but this second suit was filed on behalf of a new set of plaintiffs — Horton Elzea, John Hoyle, and Ronald Williamson — each of whom actually owned property in Fort Smith. . . [.] Stilley and his new plaintiffs again challenged the 1997 payment of 1996 property taxes; however, it is undisputed that these taxes were paid before the Elzea plaintiffs filed their lawsuit.

The defendant taxing entities again moved to dismiss under Rules 12(b)(6) and 8(a), and also defended on the grounds that, because the taxes were voluntarily paid before suit was filed, any recovery of those tax monies was barred. The Elzea plaintiffs, on the other hand, urged that their suit was merely a re-filing of the original suit filed by Oxford, and that the taxes complained of were paid and collected after that suit was initiated and therefore were involuntary.

Ultimately, both the Elzea plaintiffs and the defendants moved for summary judgment. The circuit court granted summary judgment for the defendants, finding that this second suit involved new plaintiffs and was filed in a different court, and was thus not a "re-filing" of the original chancery action, as the plaintiffs contended. Because the second suit was brought in circuit court two

years after the Elzea plaintiffs had already paid the 1997 taxes in issue, the court found the plaintiffs were barred from recovering taxes that they had voluntarily paid.

*Elzea, supra.*

██ ██ We now address whether the previous action precludes consideration of appellant's case under principles of *res judicata*. We first determine whether the previous suit resulted in judgment on the merits. In *Elzea*, summary judgment was rendered in favor of the defendants. We have held that an order granting summary judgment is a final adjudication on the merits that bars subsequent suits on the same cause of action. *See National Bank of Commerce v. Dow Chemical Co.*, 338 Ark. 752, 1 S.W.3d 443 (1999). Thus, the first element of *res judicata* has been satisfied.

██ Next, we must decide whether the trial court had jurisdiction over the prior case. *Elzea* was an illegal-exaction suit challenging assessment of property taxes in Sebastian County. It is clear that the Circuit Court of Sebastian County had jurisdiction over this matter. *See Barker v. Frank*, 327 Ark. 589, 939 S.W.2d 837 (1997) (holding that circuit courts may consider illegal-exaction challenges).

██ ██ Third, we consider whether the same parties are involved in both actions. *Elzea* was an illegal-exaction suit filed on behalf of property owners in Sebastian County. Appellant is a property owner in Sebastian County, who also brought an illegal-exaction suit. We have repeatedly held that an illegal-exaction suit is a collective single action prosecuted on behalf of all affected taxpayers. *See Samples v. Grady*, 207 Ark. 724, 182 S.W.2d 875 (1944). The illegal-exaction suit prosecuted in *Elzea*, and the illegal-exaction suit at issue in the case now on review were filed on behalf of the same taxpayers. Therefore, we conclude that the same parties are involved in both actions.

██ Finally, we must determine whether the same claims were raised in both actions. In *Elzea* the plaintiffs argued that Act 758 violated Amendment 59 of the Arkansas Constitution and that the taxes collected as a result of reassessed property values pursuant to Act 758 were illegal exactions. The claims that were raised or that could have been raised in *Elzea* are the same as the claims in the case now before us. In fact, as the appellees note, the complaint filed in the pending case is virtually identical to the complaint filed in *Elzea*.

After evaluating the elements of *res judicata*, the facts surrounding the *Elzea* case, and the facts in the case now before us, we conclude that appellant is attempting to improperly relitigate a claim that has been previously decided or that could have previously been decided. Accordingly, the trial court properly applied the doctrine of *res judicata* to bar appellant's suit and properly granted appellees' motions for summary judgment.

We note that appellant raises two additional challenges to the trial court's order granting appellees' motions for summary judgment. However, having concluded that *res judicata* barred appellant's suit, we need not consider whether the statute of limitations and/or the "voluntary payment" rule would also have barred appellant's illegal-exaction suit.

In his final point on appeal, appellant contends that the trial court erred when it granted appellees' motions for Rule 11 sanctions. Pursuant to Rule 11 of the Arkansas Rules of Civil Procedure, a trial court may sanction an attorney for signing a pleading in violation of the Rule. The Rule provides:

> Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. . . . The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. . . . If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

Ark. R. Civ. P. 11(a). In *Pomtree v. State Farm Mutual Automobile Insurance Co.*, 353 Ark. 657, 121 S.W.3d 147 (2003) we discussed Rule 11, where we wrote:

The primary purpose of Rule 11 sanctions is to deter future litigation abuse, and the award of attorney's fees is but one of several methods of achieving this goal. When a trial court determines that a violation of Rule 11 has occurred, the Rule makes sanctions mandatory. The moving party has the burden to prove a violation of Rule 11. The imposition of sanctions pursuant to Rule 11 is a serious matter to be handled with circumspection, and the trial court's decision is due substantial deference. We review a trial court's determination of whether a violation of Rule 11 occurred under an abuse-of-discretion standard. In deciding an appropriate sanction, trial courts have broad discretion not only in determining whether sanctionable conduct has occurred, but also what an appropriate sanction should be.

Rule 11 is not intended to permit sanctions just because the trial court later decides that the attorney against whom sanctions are sought was wrong. In exercising its discretion under Rule 11, the trial court is expected to avoid using the wisdom of hindsight and should test the lawyer's conduct by inquiring what was reasonable to believe at the time the pleading, motion, or other paper was submitted. The essential issue is whether the attorney who signed the pleading or other document fulfilled his or her duty of reasonable inquiry into the relevant law, and the indicia of reasonable inquiry into the law include the plausibility of the legal theory espoused in the pleading and the complexity of the issues raised. *The moving party establishes a violation of Rule 11 when it is patently clear that the nonmoving party's claim had no chance of success.*

Pomtree, *supra* (internal citations omitted) (emphasis added).

In the case now before us, the trial court found:

Rule 11 of the Arkansas Rules of Civil Procedure has been violated by the filing of this complaint which was barred by the effects of the principles of *res judicata* and/or collateral estoppel. . . [.]

The court finds that Mr. Stilley filed the identical complaint in *Oxford II* and *Elzea,* and that these cases resulted in summary judgment against the plaintiffs and were appealed to the Arkansas Supreme Court where the lower court's rulings were affirmed. There is no question that the court had jurisdiction of these cases. There is no question that the suits were fully contested in good faith. They were argued, affidavits were presented, and the case was fully

developed in the lower court and appealed. There is no question that all of the suits involved the same cause of action and the same parties, those being taxpayers of Sebastian County.

As the trial court's order indicates, appellant's attorney filed a complaint that was identical to a previously litigated complaint and as such, appellant's complaint was barred by the doctrine of *res judicata*. Based on these actions, we cannot say that the trial court abused its discretion when it imposed sanctions on appellant's attorney. *See Crockett & Brown v. Wilson*, 321 Ark. 150, 901 S.W.2d 826 (1995) (holding that Rule 11 sanctions were appropriate when an attorney was attempting to relitigate an issue which he should have known was previously decided). Accordingly, we affirm the trial court.

Affirmed.