2011 Ark. App. 778

**Terry HOOTEN, Individually and as Administrator of the Estate of Sammy Hooten, Cordy Hooten and Randy Hooten, Appellants**

v.

**MOBLEY LAW FIRM, P.A. and Alfred Jefferson Mobley, Appellees.**

**No. CA 11–616.**

Court of Appeals of Arkansas.

Dec. 14, 2011.

Richard Lee Peel, Russellville, for appellant.

Mark Jefferson Mobley, Russellville, for appellee.

ROBERT J. GLADWIN, Judge.

This appeal follows the March 2, 2011 order of the Pope County Circuit Court awarding appellees Mobley Law Firm, P.A. and Alfred Jefferson Mobley an attorney's fee in the amount of $20,555.55. Appellants Cordy Hooten, Randy Hooten, as well as appellant Terry Hooten, individually and as administrator of the estate of Sammy Hooten, argue that the circuit court erred (1) in finding that appellees' claims were not barred by res judicata and collateral estoppel; (2) in finding that appellees were entitled to a one-third percentage of $61,666.66; and (3) in calculating of appellees' attorney fee in the amount of $11,902.47. We find merit in appellants' argument and reverse and dismiss.

## Facts

Sammy Hooten died on June 15, 2001. At the time of his death, Sammy Hooten was married to Jacqueline Jensen Hooten and had three children, Randy Hooten, Terry Hooten, and Cordy Hooten. A petition for appointment of special administrator was filed June 19, 2001. Terry Hooten entered his appearance in PR–2001–137 by signing the initial pleadings opening the estate. On June 19, 2001, Cordy Hooten and Randy Hooten entered their appearances in the circuit court "for all purposes." Terry Hooten was appointed special administrator on June 19, 2001, pursuant to Arkansas Code Annotated section 28–48–103 (Repl.2004). Appellants were all parties to the three initial actions filed by appellees on their behalf in the Circuit Court of Pope County, Probate Division against Jacqueline Hooten. All three lawsuits were dismissed with prejudice on December 30, 2004. The dismissals were appealed to this court, bearing Case Number CA 05–742, and this court affirmed the dismissals in *Hooten v. Jen-*

*sen,* 94 Ark.App. 130, 227 S.W.3d 431 (2006), on February 8, 2006.[1]

Twenty months later, on November 30, 2007, Ms. Hooten filed a petition to settle her dower claims for the sum of $5,000.00. The order settling the same was entered on December 6, 2007. On December 21, 2007, appellees filed a petition approving an attorney contract of employment, on behalf of appellants, and requested that they be paid $13,042.77 |₃for costs and expenses. The petition was neither verified by appellants, as required by Arkansas Code Annotated section 28–1–109 (Repl.2004), nor were appellants given notice of the petition prior to its being approved. The fee agreement nevertheless was approved by the circuit court on January 10, 2008.

On May 13, 2008, appellees were terminated as counsel for appellants. On June 13, 2008, appellant Terry Hooten filed a motion requesting that the approval of the fee agreement be set aside because the petition to approve it was filed without appellants' knowledge or consent. On August 4, 2008, appellees filed their affidavit to claim against the estate, requesting $42,365.50 for attorneys fees and $15,198.60 for expenses. The claim was for fees and costs for litigating the prior contingent claims that were dismissed and for a percentage of the alleged dower value of the estate. Appellants filed their objection to the claim on August 7, 2008. The circuit court, in a letter opinion dated December 2, 2008, and file marked December 4, 2008, found that appellees were committed to pursuing the obligations set out in the fee agreement and contracted to receive payment from successful litigation

or settlement, that there was none, and accordingly, denied appellees any relief. The order dismissing appellees' claim with prejudice was entered on January 29, 2009, and no appeal was taken from that order.

Appellees subsequently filed a complaint against appellants in a lawsuit seeking damages pursuant to the fee agreement and quantum meruit/unjust enrichment, alleging they settled dower claims valued at $66,666.66 for the sum of $5,000.00, leaving an excess of $61,666.66 for appellants. Following a timely answer to the complaint, appellants filed a motion for |₄summary judgment on the basis that appellees' claims were barred by res judicata and collateral estoppel based on the December 2, 2008 order. The circuit court denied the motion on March 16, 2010.

The circuit court later clarified its ruling, stating that (1) it denied appellants' motion for summary judgment because appellees' current complaint was based on breach of contract and quantum meruit/unjust enrichment; (2) relief was not litigated in the former case and was not available at that time; (3) both suits were not fully contested; (4) both suits did not involve the same claim or cause of action; and (5) appellees did not have a full and fair opportunity to be heard. The parties agreed to have the matter concluded on a series of briefs submitted by each party, after which a hearing took place on January 5, 2011. The circuit court found that appellees were entitled to $20,555.55—one-third of the balance of the value of the dower claim that was settled in the first case—and also awarded appellees an attorney's fee in the amount of $11,902.47, finding that there was a breach of the fee

---

1. This appeal involves several separate cases that were consolidated and appealed to this court in *Hooten v. Jensen.* The record in *Hooten v. Jensen* was previously lodged in this court, in the case styled *Terry Hooten v. Jacqueline "Jackie" Jensen,* CA 05–742, and all cases from the circuit court, prior to and following the previous appeal, were consolidated into the CA 05–742 case file.

agreement. The order was filed on March 2, 2011, and appellants filed a timely notice of appeal on March 30, 2011.

*Standard of Review*

An award of attorney's fees will not be set aside absent an abuse of discretion by the circuit court. *Estate of Coan v. Gaughan,* 2010 Ark. App. 616, 378 S.W.3d 201. While the decision to award attorney's fees and the amount awarded are reviewed under an abuse-of-discretion standard, we review factual findings made by the circuit court under a clearly erroneous standard of review. *Id.* On appellate review, however, we do not defer to a circuit court's conclusions of law. *Baldwin v. Eberle,* 2009 Ark. App. 222, 301 S.W.3d 475.

*Discussion*

### I. *Res Judicata*

The doctrine of res judicata has two aspects: claim preclusion and issue preclusion. *Bisbee v. Decatur State Bank,* 2010 Ark. App. 459, 376 S.W.3d 505. The purpose of res judicata is to end litigation by preventing a party from relitigating a matter in which it already had an opportunity to be heard. *Powell v. Lane,* 375 Ark. 178, 289 S.W.3d 440 (2008). Res judicata bars relitigation of a subsequent suit when (1) the first suit resulted in a final judgment on the merits; (2) the first suit was based upon proper jurisdiction; (3) the first suit was fully contested in good faith; (4) both suits involve the same claim or cause of action; and (5) both suits involve the same parties or their privies. *Jayel Corp. v. Cochran,* 366 Ark. 175, 234 S.W.3d 278 (2006). When a case is based on the same events of the subject matter of the previous litigation, res judicata will apply even if the subsequent lawsuit raises new legal issues and seeks additional remedies. *Id.* Res judicata bars relitigation of claims that were actually litigated in the first suit as well as those that could have been litigated. *Winrock Grass Farm, Inc. v. Affiliated Real Estate Appraisers of Ark., Inc.,* 2010 Ark. App. 279, 373 S.W.3d 907. Strict privity in the application of res judicata is not required. *Parker v. Perry,* 355 Ark. 97, 131 S.W.3d 338 (2003). Instead, for privity, there only needs to be a substantial identity of the parties. *Id.*

Appellants argue that the circuit court erred in finding that appellees' claim for attorney fees was not barred by res judicata and collateral estoppel. Appellees, however, assert that the key question regarding the application of res judicata is whether the party against whom the earlier decision is being asserted had a full and fair opportunity to litigate the claim in question. *Winrock, supra.* They urge that in the instant case, the parties did not have a full and fair opportunity to litigate the claim. Appellees also claim, at a more basic level, that res judicata cannot be applied if one of the five elements is missing, and that in this case, three elements are missing. We hold that the circuit court did err in finding that res judicata did not apply to appellees' claim for attorney's fees. Each requirement of the doctrine will be discussed independently.

#### A. *Final Judgment.*

Neither party disputes that the denial of a claim against an estate is a final judgment. In the initial case, the circuit court denied appellees any relief on their claim for fees, which resulted in a final judgment on the merits in favor of appellants. Appellants correctly assert that if appellees felt aggrieved by the final judgment, their means of redress was by appeal.

Appellees contend that there was neither a final judgment on the merits nor a full contest of the claim relevant to this

appeal. They characterize the previous claim in the probate proceeding as one based on services provided in the administration of the estate, while maintaining that the claim currently before the court is a breach-of-contract claim asserting unjust enrichment against heirs of the estate. Appellees urge that this claim was not litigated in the probate proceeding; accordingly, there was no final judgment on the merits on the breach-of-contract claim.

We find no merit in appellees' proposed distinction between the claims of the first and second lawsuits under these particular facts. The appellants were all parties to the initial ⌊7lawsuit in their individual capacities, and while the semantics of the causes of action changed in the second lawsuit because of the circuit court's erroneous determination that the claims could not be heard in the probate case, we hold that there was a final judgment as to the merits of the claims relevant to this appeal.

### B. *Jurisdiction.*

■ In the first lawsuit, the circuit court found against appellees on the claim for breach of contract and denied appellees any relief on the basis of quantum meruit/unjust enrichment, because it believed "the application of equitable principles" was unavailable in the probate court. We disagree. Since the passage of Amendment 80 to the Arkansas Constitution in 2000, there is no longer a need to elect in which court to file a lawsuit. *See First Nat'l Bank of DeWitt v. Cruthis*, 360 Ark. 528, 203 S.W.3d 88 (2005). Jurisdictional lines that previously caused cases to be divided and litigated in different courts have been eliminated. *Id.* Amendment 80 merged the probate, chancery, and circuit courts, and now circuit courts are established as the trial courts of original jurisdiction of all justiciable matters not other-

wise assigned pursuant to the Arkansas Constitution. *Id.* With the implementation of Amendment 80, circuit courts, and the probate division thereof, have added to their already existing jurisdiction as a court of law the chancery court's equitable jurisdiction that existed prior to adoption of the Amendment. *Id.*

Appellees note that Act 1185 of 2003 was passed by the General Assembly to adopt technical corrections for the implementation of Amendment 80. This act modified Arkansas Code Annotated section 28–1–104 to its present-day form. The statute provides that in a ⌊8probate proceeding, the circuit court shall have jurisdiction over (1) the administration, settlement, and distribution of estates of decedents; (2) the probate of wills; (3) the persons and estates of minors; (4) persons of unsound mind and their estates; (5) the determination of heirship or of adoption; (6) the restoration of lost wills and the construction of wills when incident to the administration of an estate; and (7) all such other matters as are provided by law. Ark.Code Ann. § 28–1–104 Repl. (2003).

Appellees urge that appellants' argument is not consistent with the relevant statutory law because none of the provisions of section 28–1–104 allow for a breach-of-contract claim to be brought against an heir of an estate in a probate proceeding. Appellees acknowledge that if, instead, this was a case against the estate for breach of contract, the circuit court would have had jurisdiction to hear the claim in a probate proceeding. Appellees allege that their claim against the heirs individually, however, did not fall within the circuit court's jurisdiction in the probate proceeding and could not have been raised in the probate proceeding.

We hold that the circuit court was mistaken and that the first lawsuit was the proper forum for determining the validity

of appellees' claims, both legal and equitable. *Cruthis, supra.* Appellees should have appealed the initial order. In the second lawsuit, counsel for appellants made the argument that the circuit court had equitable jurisdiction in the first case, but the circuit court again erroneously disagreed. Amendment 80 granted the circuit court jurisdiction to rule on all claims of relief, legal and equitable; therefore, jurisdiction was proper in the first lawsuit, and that suit fully and finally settled all issues between appellants and appellees.

### C. Same Parties.

Both lawsuits involve the same parties. In the first case, appellees filed their affidavit of claim against the estate on July 31, 2008. Appellant, Terry Hooten, had already entered his appearance individually and as special administrator to the estate of Sammy Hooten in the case by signing the initial pleadings. Appellants Cordy Hooten and Randy Hooten entered their appearances "for all purposes" as well. In the second case, appellees sued appellants for breach of contract. Appellees Mobley Law Firm, P.A. and Jeff Mobley were parties, appellant Terry Hooten was a party (both individually and as administrator of the estate of Sammy Hooten), appellant Cordy Hooten was a party, and appellant Randy Hooten was a party. The circuit court found that all the same parties were involved, and we agree.

### D. Same Claims.

We also hold that both lawsuits involved the same claims and same causes of action. In the first lawsuit, appellees filed a claim against the estate based on the fee agreement. In their response to appellants' objection to the claim, appellees pled breach of contract and quantum meruit/unjust enrichment. In the first case, the circuit court found that because there was no successful litigation or settlement, appellees were not entitled to any relief under the fee agreement and found that appellants did not breach the fee agreement. The circuit court also denied any relief for quantum meruit/unjust enrichment on its belief that the application of equitable principles were unavailable. Appellees' claim against the estate was dismissed with prejudice.

The second lawsuit again requested relief for breach of contract and quantum meruit/unjust enrichment. The circuit court repeatedly denied appellants' defense of res judicata and collateral estoppel on the basis that quantum meruit/unjust enrichment were not litigated in the first lawsuit. The circuit court found for appellees in the second lawsuit and ruled that appellants breached the fee agreement and awarded appellees an attorney's fee. It is undisputed that the first lawsuit resulted in a dismissal on appellees' same basic claims for breach of contract.

Appellees reiterate that the claim before the court is against the heirs of the estate and is based on appellants inheriting the relinquished dower share of the estate through the successful efforts of appellees in negotiating a settlement with Ms. Hooten and on appellants failing to pay the agreed upon contingency fee after receiving their inheritance with the increased value of $61,666.66. Appellees' claim in the probate proceedings was brought against the estate under section 28–48–108(d)(2) for services provided to the estate, although the probate court found that appellees had otherwise contracted and denied the claim. They urge that the element of same claim or cause of action is not present in this case because the claim is against heirs of the estate for not paying a contingency fee owed as a result of a settlement and that the prior claim was against the estate for the provided ser-

vices. Appellees claim that they demonstrated this in their second complaint by not including appellant Terry Hooten in his capacity as the administrator of the estate of Sammy Hooten.

Appellees argue that further evidence that the claims were different is that the present claim did not exist in January 2009 when the order was entered denying their claim against the estate. They argue that the settlement increased the value of the estate pursuant to the two orders in March 2009. They assert that any claim against the heirs in the probate proceeding would have been premature as they had yet to receive the benefit of the settlement at that time. This argument fails as the circuit court entered a nunc pro tunc order to settle the dower claims on January 10, 2008. This order was entered nunc pro tunc to December 20, 2007, and indicated the settlement was paid as of that date. Therefore the settlement was in effect and was subject to the order denying the fees, and therefore could have been litigated.

#### E. *Contested in Good Faith.*

There was no allegation that the first lawsuit or the second lawsuit was not litigated in good faith. Neither party ever raised the issue. The circuit court never used it as one of the reasons for denying appellants relief under res judicata. Therefore, the good faith element of res judicata need not be addressed.

### II. *Collateral Estoppel*

Appellants also assert that appellees' claims were barred by collateral estoppel. To apply collateral estoppel, the following elements must be present: (1) the issue sought to be precluded must be the same as that involved in the prior litigation; (2) that issue must have been actually litigated; (3) the issue must have been determined by a valid and final judg-

ment; and (4) the determination must have been essential to the judgment. *State Office of Child Support Enforcem't v. Willis,* 347 Ark. 6, 59 S.W.3d 438 (2001). "Actually litigated" means that the issue was raised in pleadings, or otherwise, that the defendant had a full and fair opportunity to be heard, and that a decision was rendered on the issue. *See Powell, supra.* Unlike res judicata, collateral estoppel does not require mutual identities of parties and a stranger to the first decree may assert it as a defense in a subsequent action. *Winrock, supra.*

Appellees acknowledge that the elements for collateral estoppel are very similar to those of res judicata, and they reiterate that not all of the elements are present in this case, thus also barring the application of collateral estoppel. They argue that the missing "collateral estoppel" elements are that (1) the same issue of a previous case is not involved, (2) the relevant issue was not actually litigated, and (3) the relevant issue was determined by a valid and final judgment.

The elements involved and the analysis thereof are substantially similar under collateral estoppel and res judicata. Accordingly, we refer to the previous discussion with respect to this argument. Additionally, because of our determination that appellees' claims are barred by res judicata and collateral estoppel, we need not address the arguments regarding the specific amounts awarded.

Reversed and dismissed.

ROBBINS and HOOFMAN, JJ., agree.