

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV–14–409

| | |
|---|---|
| ANDREW MANCABELLI AND ALMA MANCABELLI<br><br>APPELLANTS<br><br>V.<br><br>ANDRE GIES AND MARCI GIES<br>APPELLEES | **Opinion Delivered** February 4, 2015<br><br>APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT [NO.CV-2012-315-4]<br><br>HONORABLE CRISTI BEAUMONT, JUDGE<br><br>AFFIRMED IN PART; REVERSED IN PART AND REMANDED |

## WAYMOND M. BROWN, Judge

Appellants appeal from three circuit court orders: (1) an order granting summary judgment to appellees; (2) an order denying appellants' motion to set aside summary judgment and dismissing their counterclaim; and (3) an order quieting title in the disputed property in appellees. On appeal, appellants argue that the circuit court erred in (1) granting summary judgment in favor of appellees because appellants had standing to defend their title to the real property and there were genuine issues of material fact to be litigated; and (2) dismissing their counterclaim and third-party complaint on the ground of res judicata. This case was previously before this court wherein we dismissed the matter for lack of a final order.[1] Appellants have now cured the deficiency, and we proceed to

---

[1]*Mancabelli v. Gies*, 2013 Ark. App. 685.



address the merits of their two points for reversal. We affirm on the first point and reverse the latter for which we remand.

Appellees filed a petition to quiet title against their neighbors, appellants, on February 7, 2012. Subsequently, appellees filed a motion for summary judgment against appellants on May 15, 2012. The circuit court held a hearing on appellees' quiet-title petition on July 3, 2012. On July 13, 2012, the circuit court entered an order granting appellees' motion for summary judgment.[2] Therein, the circuit court granted appellees ten days to amend their pleadings to include any additional necessary parties to the quiet-title action.

On July 23, 2012, appellants filed a counterclaim for adverse possession against appellees and a third-party complaint to quiet title against Linda Graham, individually and as trustee of the Taletta Merritt Revocable Living Trust u/t/d August 1, 2001; Raymond L. Merritt; and Taletta Merritt, and if deceased, the unknown heirs of Taletta Merritt (deceased). On the same date, appellees filed an amended petition to quiet title against appellants, Raymond Merritt, and Rhonda Merritt. Appellees filed a motion to dismiss appellants' counterclaim against them on August 9, 2012.

---

[2]During the hearing, the court stated that it did "think there's a problem with an issue of fact with respect to the [Appellees'] Petition to Quiet Title in that there may be a necessary party that's not been named." Accordingly, at the conclusion of hearing, the circuit court dismissed appellants' answer, but did not grant appellees' petition to quiet title. Instead, it allowed appellees to contact the Merritts, the property's former owners, to determine if they were necessary parties. Furthermore, the circuit court orally stated that it was preserving appellants' affirmative adverse-possession claim, which they had incorrectly attempted to assert at the hearing without having previously filed a petition asserting the same. However, the circuit court specifically found that appellants had no ownership interest in the disputed property.



On August 15, 2012, Raymond L. Merritt filed a motion to dismiss the third–party claim against him. On September 28, 2012, the trial court entered an order dismissing without prejudice appellees' complaint against Raymond L. Merritt. On October 19, 2012, appellants filed an amended counterclaim to quiet title against appellees. On October 25, 2012, the morning of the scheduled hearing on appellants' counterclaim, appellants filed a motion to set aside the summary judgment. Both pleadings were addressed at the hearing. Following the hearing, the circuit court entered an order on October 30, 2012, dismissing without prejudice Linda Graham, individually and as trustee of the Taletta Merritt Revocable Living Trust, and Raymond Merritt. On November 5, 2012, the circuit court entered an order denying appellants' motion to set aside summary judgment and dismissing the amended counterclaim. On November 27, 2012, appellants filed a notice of appeal from the court's November 5 order.

Following a hearing on appellees' petition to quiet title on December 21, 2012, the circuit court entered a decree quieting title in the disputed property in appellees on December 26, 2012. On January 22, 2013, appellants filed an amended notice of appeal stating that they were appealing from orders entered on July 23, 2012; November 5, 2012; and December 26, 2012.

Following this court's dismissal of the matter for lack of a final order, on January 22, 2014, appellants filed a motion for final decree stating that neither Rhonda Merritt nor Taletta Merritt had been served in the proceeding and the respective claims against them should be dismissed. On February 19, 2014, an order was entered dismissing all claims against Rhonda Merritt and Taletta Merritt. This timely appeal followed.



## I.    *Summary Judgment*

Summary judgment may be granted by a trial court only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, clearly show that there are no genuine issues of material fact to be litigated and the party is entitled to judgment as a matter of law.[3] When the movant makes a prima facie showing of entitlement, the respondent must meet proof with proof by showing a genuine issue as to a material fact.[4] On appellate review, we must determine whether summary judgment was proper based on whether the evidence presented by the moving party left a material fact unanswered.[5] This court views the evidence in the light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party.[6] Where there are no disputed material facts, our review must focus on the trial court's application of the law to those undisputed facts.[7]

On appeal, appellants argue that they demonstrated clearly that there were genuine issues of material fact in dispute due to appellants' assertion that the appellees' use of the disputed property was with appellants' permission and appellants' claim of adverse

---

[3]*Grayson & Grayson, P.A. v. Couch*, 2012 Ark. App. 20, at 12, 388 S.W.3d 96, 104 (citing *Lee v. Martindale*, 103 Ark. App. 36, 286 S.W.3d 169 (2008)).

[4]*Id*. (citing *Dodson v. Allstate Ins. Co.*, 365 Ark. 458, 231 S.W.3d 711 (2006)).

[5]*Watkins v. S. Farm Bureau Cas. Ins. Co.*, 2009 Ark. App. 693, at 6, 370 S.W.3d 848, 853 (citing *Windsong Enters., Inc. v. Upton*, 366 Ark. 23, 233 S.W.3d 145 (2006)).

[6]*Id*. (citing *Cole v. Laws*, 349 Ark. 177, 76 S.W.3d 878, cert. denied, 537 U.S. 1003 (2002)).

[7]*Id*. (citing *Parker v. S. Farm Bureau Cas. Ins. Co.*, 104 Ark. App. 301, 292 S.W.3d 311 (2009)).

possession of the disputed property. The disputed property was an abandoned fifty-foot easement between the properties of appellants and appellees. In 1999, the City of Fayetteville abandoned the easement by ordinance. At that point, Arkansas Code Annotated section 14–301–306 applied.[8] Said section states that:

> Upon the adoption of the ordinance, absolute ownership of the property abandoned by the city or town shall vest in the owners of the real estate abutting thereon. Each abutting owner shall take title to the center line of the street or alley so abandoned[.][9]

Upon abandonment by the city, appellants' predecessors to the north of the disputed property and appellees to the south, each obtained ownership of the disputed property to its center at twenty-five feet.

A claim of adverse possession is made against the "true owner" of the disputed property.[10] In this matter, at the time the easement was abandoned, Taletta Merritt owned the abutting property now owned by appellants; therefore, ownership of the north twenty-five feet of the abandoned easement vested in Taletta Merritt. Merritt then conveyed a portion of her property to the Taletta Merritt Revocable Living Trust (Trust); the conveyance did not name or mention the twenty-five-foot property previously abandoned by the city. When appellants bought the north-abutting property from the Trust, it did not include the twenty-five-foot property because the Trust could not

---

[8](2013).

[9]Ark. Code Ann. § 14–301–306(a).

[10]*Lynch v. Bates*, 2012 Ark. App. 123, at 4, 388 S.W.3d 922, 925 (citing *Smith v. Smith*, 2011 Ark. App. 598, 385 S.W.3d 902; *Trice v. Trice*, 91 Ark. App. 309, 210 S.W.3d 147 (2005)).


convey what it did not own. Appellants never acquired any deed conveying ownership of the disputed property to them. Because appellants were not the owners of the disputed property, they could not give permission to appellees for its use.

At the time appellees filed their petition to quiet title in the disputed property, it is clear that the owner of the disputed property was the heir of Taletta Merritt, deceased, and not appellants. "Only a claimant who has a personal stake in the outcome of a controversy has standing."[11] Accordingly, we hold that the circuit court committed no error in finding that appellants had no standing to defend against appellees' adverse possession claim. Summary judgment was proper; therefore, we affirm as to this point.

## II.    *Res Judicata*

Appellants argue next that the trial court erred in dismissing their counterclaim where it had specifically granted appellants the opportunity to claim the real property at issue by adverse possession. Appellants rely a great deal on a statement from the circuit court at the summary-judgment hearing that it would "reserve [appellants'] rights if they would like to . . . make that affirmative claim of adverse possession." This language did not make it into the circuit court's order on the matter, which dismissed appellants as parties altogether, so appellants' reliance thereon is misplaced. However, we find merit in appellants' argument nonetheless. Appellees argue that because appellants lacked standing to defend against their adverse-possession claim due to lack of color of title, they lacked standing to bring their own claim. We disagree with appellees' argument.

---

[11]*Chubb Lloyds Ins. Co. v. Miller Cnty. Cir. Ct.,* 2010 Ark. 119, at 4, 361 S.W.3d 809, 812 (quoting *Pulaski Cnty. v. Ark. Democrat-Gazette, Inc.,* 371 Ark. 217, 220, 264 S.W.3d 465, 467 (2007)).

SLIP OPINION

The doctrine of res judicata has two aspects: claim preclusion and issue preclusion.[12] The purpose of res judicata is to put an end to litigation by preventing a party who has already had a fair trial on the matter from litigating it again.[13] Res judicata bars relitigation of a subsequent suit when (1) the first suit resulted in a final judgment on the merits; (2) the first suit was based upon proper jurisdiction; (3) the first suit was fully contested in good faith; (4) both suits involve the same claim or cause of action; and (5) both suits involve the same parties or their privies.[14] Where a case is based on the same events as the subject matter of a previous lawsuit, res judicata will apply even if the subsequent lawsuit raises new legal issues and seeks additional remedies.[15] Res judicata bars relitigation of claims that were actually litigated in the first suit as well as those that could have been litigated.[16] Strict privity in the application of res judicata is not required.[17] Instead, for privity, there only needs to be a substantial identity of the parties.[18]

---

[12]*Hooten v. Mobley Law Firm*, 2011 Ark. App. 778, at 5, 387 S.W.3d 298, 302 (citing *Bisbee v. Decatur State Bank*, 2010 Ark. App. 459, 376 S.W.3d 505).

[13]*Williams v. Nesbitt*, 2012 Ark. App. 408, at 5, 421 S.W.3d 320, 323 (citing *Hardy v. Hardy*, 2011 Ark. 82, 380 S.W.3d 354).

[14]*Hooten, supra* (citing *Jayel Corp. v. Cochran*, 366 Ark. 175, 234 S.W.3d 278 (2006)).

[15]*Williams, supra.*

[16]*Hooten, supra* (citing *Winrock Grass Farm, Inc. v. Affiliated Real Estate Appraisers of Ark., Inc.*, 2010 Ark. App. 279, 373 S.W.3d 907).

[17]*Id.* (citing *Parker v. Perry*, 355 Ark. 97, 131 S.W.3d 338 (2003)).

[18]*Id.*



Appellees' argument focuses on the requirement in Arkansas Code Annotated section 18-11-106 that a claimant for adverse possession hold color of title. As such, appellees cite the following:

> (a) To establish adverse possession of real property, the person and those under whom the person claims must have actual or constructive possession of the real property being claimed and have either:
>
> (1)(A) Held color of title to the real property for a period of at least seven (7) years and during that time paid ad valorem taxes on the real property.

However, appellees neglect to acknowledge the following, which also followed the word "either" above:

> (2) Held color of title to real property *contiguous* to the real property being claimed by adverse possession for a period of at least seven (7) years and during that time paid ad valorem taxes on the contiguous real property to which the person has color of title.

Appellants had no standing to defend against appellees' claim because they had no color of title due to the disputed property having remained the property of Taletta Merritt by her failure to include the same in her deed conveying property to her trust, from which appellants bought their property. However, because appellants own property contiguous to the disputed property on which they have paid taxes for at least seven years, they had their own separate right to bring a claim for adverse possession, without regard to whether the court stated so in its order. By definition, a typical adverse-possession claim comes from someone without color of title to the disputed property. The only issues remaining, for res judicata purposes, are whether a final, appealable order had been entered prior to appellants' assertion of their claim and whether appellants' adverse possession claim was barred, as determined by the circuit court.

For a judgment to be final, it must dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy.[19] An order is not final and appealable merely because it settles the issue as a matter of law; to be final, the order must also put the court's directive into execution, ending the litigation or a separable branch of it.[20]

This whole matter began when appellees filed their petition to quiet title on February 7, 2012. They then filed a motion for summary judgment on May 15, 2012. The circuit court entered an order granting appellees' motion for summary judgment on July 13, 2012, without deciding the merits of appellees' petition; rather, it granted appellees ten days to amend their pleadings to include any additional necessary parties to the quiet-title action. The court also dismissed appellants from the action, finding that they had failed to establish standing in the matter. The question of title to the property was specifically not fully contested. In fact, the court did not enter an order deciding the merits of appellees' petition to quiet title until December 26, 2012. Because the court left open action to be taken by appellees and did not dispose of appellees' quiet-title petition, this order was not final. This court specifically found that no final order had been entered when it first received this appeal.[21] Although a decree quieting title in appellees was entered on December 26, 2012, a final order was not entered until February 19, 2013. Accordingly,

---

[19]*Allen v. Allen*, 99 Ark. App. 292, 296, 259 S.W.3d 480, 484 (2007) (citing *Roberts v. Roberts*, 70 Ark. App. 94, 14 S.W.3d 529 (2000)).

[20]*Id.*, 99 Ark. App. at 297, 259 S.W.3d at 484 (citing *Morton v. Morton*, 61 Ark. App. 161, 965 S.W.2d 809 (1998)).

[21]*Mancabelli v. Gies*, 2013 Ark. App. 685.

because no final order had been entered, appellants were free to file their own counterclaim for adverse possession.[22] We hold that the circuit court erred in finding that appellants' claim of adverse possession was barred by res judicata. We reverse the circuit court's order dismissing appellants' counterclaim and remand on this issue.

Affirmed in part; reversed in part and remanded.

KINARD and GRUBER, JJ., agree.

*Karen Pope Greenaway*, for appellants.

*Cullen & Co., PLLC*, by: *Tim J. Cullen*, for appellees.

---

[22]We note that appellants titled their petition for adverse possession as a "counterclaim and third party complaint to quiet title[;]" however, this was not appellants' answer and appellants' answer did not include a claim for adverse possession. It would not be in the interest of justice and fair play to be blindly guided by the title of a motion or pleading. *Cornett v. Prather*, 293 Ark. 108, 111, 737 S.W.2d 159, 160 (1987). We continue to abide by the well-established rule that a pleading will not be judged entirely by what it is labeled but also by what it contains. *Id.* at 111, 737 S.W.2d at 161. Though titled a "counterclaim," we acknowledge that this pleading was in fact a petition to quiet title.