Cite as 2020 Ark. App. 293

# ARKANSAS COURT OF APPEALS
DIVISION III
**No.** CV-19-392

| | |
|---|---|
| LENORA ROBINSON | **Opinion Delivered:** May 6, 2020 |
| APPELLANT | APPEAL FROM THE MISSISSIPPI COUNTY CIRCUIT COURT, OSCEOLA DISTRICT [NO. 47OCV-18-163] |
| V. | |
| ROBERT MURPHY | HONORABLE CINDY THYER, JUDGE |
| APPELLEE | |
| | AFFIRMED |

## WAYMOND M. BROWN, Judge

Appellant Lenora Robinson appeals from the order of the Mississippi County Circuit Court awarding judgment in favor of appellee Robert Murphy following a breach-of-contract dispute over construction work. On appeal, Robinson argues that the "circuit court erred in its calculations of monies due" to Murphy. We affirm the circuit court's judgment.

In January 2018, Robinson and Murphy entered into an oral contract for the remodel of a property owned by Robinson. The construction work to be performed included installation of a new roof and windows, wall repairs, and the addition of a driveway with a carport. The original quote of $73,478.90 did not include pouring a new driveway and building a carport; that project was added later. Robinson delivered to Murphy a check in the amount of $19,349; all other payments were made by credit card.

On April 19, Murphy requested a partial draw payment in the amount of $7365 for the driveway work. Via text message, Robinson provided Murphy with her credit card number and authorized him to make the $7365 charge. On April 27, a dispute arose between the parties when Murphy asked Robinson for an additional payment of $2800 to cover work that had already been completed inside the house. Murphy testified that following Robinson's refusal to make the $2800 requested payment and subsequent demand that driveway work cease, he (Murphy) withdrew $6000 from the bank and gave it to Robinson as a cash refund for driveway work not completed. On May 4, Robinson disputed the $7365 charge with her credit card company. As a result, Robinson was refunded the entire $7365 amount.

In the Mississippi County District Court, Murphy filed suit for breach of contract against Lenora Robinson; Lenora Robinson d/b/a Luke 21:4-B Ministry Women Center; and Luke 21:4-B Ministry & Home Rentals-Limited Liability Company. The district court entered judgment in favor of Murphy against all defendants, jointly and severally, in the amount of $10,165, plus $130 for filing and service fees, and an additional $1500 for attorneys' fees. The judgment of the district court was appealed to the circuit court. Following a bench trial, the circuit court found in favor of Murphy and entered judgment against all defendants, jointly and severally, in the amount of $9632.71, which includes the $7365 credit card payment that was refunded to Robinson, $210 in bank fees related to the credit card transaction, $557.71 for an outstanding dumpster fee, plus an additional $1500 for attorneys' fees. Robinson, in her individual capacity, now appeals.

"In civil bench trials, the standard of review on appeal is whether the circuit court's findings were clearly erroneous or clearly against the preponderance of the evidence."[1] A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence, is left with a firm conviction that a mistake has been committed.[2] Facts in dispute and determinations of credibility are solely within the province of the fact-finder.[3]

On appeal, Robinson argues that the circuit court's judgment was clearly erroneous. She contends that Murphy owed her for work paid for, yet not performed. Robinson further asserts that she believed the $6000 cash refund to be "in consideration of HVAC and plumbing work not done—along with other miscellaneous funds—owed to [her]."

At the hearing, Murphy testified that the $7365 credit card charge in question was for work to be done on the driveway and carport. Robinson admitted, "I authorized him to charge the card $7365 for the driveway." Robinson further acknowledged that after the parties later disagreed about a request for additional money, Murphy refunded her $6000 in cash. However, although Murphy claims that the refund was for the money owed on the driveway work not completed, Robinson contends that the refund was for other work, therefore she disputed the $7365 credit card charge to recoup the money paid for the driveway.

---

[1] *Peregrine Trading, LLC v. Rowe*, 2018 Ark. App. 176, at 1, 546 S.W.3d 518, 520.

[2] *Id*. at 1–2, 546 S.W.3d at 520.

[3] *Id*.

The circuit court found that the $6000 refund Murphy issued to Robinson was for the balance of the driveway work and that Robinson's dispute and reversal of the charge constituted "double dipping." Robinson argues that there was evidence that the $6000 was for a partial refund of the original $19,349 payment and not for driveway work not completed. As such, she argues that she was entitled to reversal of the $7365 credit card charge because Murphy failed to complete the driveway project.

The circuit court found Murphy's testimony regarding the driveway work and refund to be credible. Robinson's argument to the contrary amounts to a request that this court reweigh the evidence, which we will not do. We do not substitute our judgment or second-guess the credibility determinations of the circuit court, and we will only reverse in cases when a definite mistake has been made.[4] Because the circuit court's judgment was not clearly against the preponderance of the evidence, we affirm.

Affirmed.

GLADWIN and WHITEAKER, JJ., agree.

*Furonda Brasfield*, for appellant.

*Gibson & Thomas, P.A.*, by: *Jeremy M. Thomas*, for appellee.

---

[4]*Holmes v. Wilhelm*, 2019 Ark. App. 120, 572 S.W.3d 873.